UNITED STATES, Appellee

v

KENNETH E. BEASLEY, Private, U. S. Army, Appellant

20 USCMA 122, 42 CMR 314

No. 23,029

November 6, 1970

Colonel *Daniel T. Ghent* and *Captain Monte Engler* were on the pleadings for Appellant, Accused.

*Major Edwin P. Wasinger* and *Captain Glenn R. Bonard* were on the pleadings for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

The accused's claim of error in regard to the acceptance of his plea of guilty to several offenses in ▬▬▬ violation of the Uniform Code of Military Justice is without merit for the reasons specified in our opinion in United States v Palos, 20 USCMA 104, 42 CMR 296, decided this date.

During sentence proceedings, the judge received evidence of the accused's record of punishment under Article 15, Code, supra, 10 USC § 815. Since the offense charged was committed before the effective date of the 1969 Manual for Courts-Martial, which authorized consideration of such evidence, the record should not have been considered. United States v Johnson, 19 USCMA 464, 42 CMR 66 (1970). In view of the nature and number of the previous acts of misconduct and near maximum punishment imposed upon the accused, we are unable to conclude that the error did not result in prejudice to him. United States v Worrell, 19 USCMA 487, 42 CMR 89 (1970). Accordingly, the decision of the United States Army Court of Military Review is reversed as to the sentence. The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review to redetermine the sentence.

Judge DARDEN concurs.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I disagree with my brothers' holding in this case that the plea of guilty was properly accepted by the military judge for the reasons set forth in my separate opinion in United States v Palos, 20 USCMA 104, 42 CMR 296 (1970). The military judge's failure to make a specific finding on the record that the accused knowingly, intelligently, and consciously waived his right against self-incrimination, his right to trial of the facts by a court-martial, and his right to be confronted by the witnesses against him, is, in my opinion, reversible error. Cf. United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969); United States v Fortier, 19 USCMA 149, 41 CMR 149 (1969). Without this specific finding on the record, the record is not verbatim as required by law. See my separate opinion in *Palos*, supra.

I agree with their determination that the sentence must be reassessed because of the erroneous consideration of evidence of punishment under Article 15, Uniform Code of Military Justice, 10 USC § 815. United States v Johnson, 19 USCMA 464, 42 CMR 66 (1970); United States v Worrell, 19 USCMA 487, 42 CMR 89 (1970).