UNITED STATES, Appellee

v

GREGORY S. MARSALA, Seaman Recruit,
U. S. Navy, Appellant

20 USCMA 124, 42 CMR 316

No. 23,074

November 6, 1970

*Captain Harry N. Lembeck,* USMCR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever,* USMC, was on the pleadings for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

We granted review to consider the correctness of the acceptance of the accused's plea of guilty to a specification alleging unauthorized absence of approximately six weeks, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886, and the effect on the sentence of the erroneous consideration of evidence of punishment under Article 15, Code, supra, 10 USC § 815, as determined in United States v Johnson, 19 USCMA 464, 42 CMR 66 (1970).

Our decision in United States v Palos, 20 USCMA 104, 42 CMR 296, decided this date, sustains the acceptance of the plea. The number and the nature of the acts of misconduct reflected in the record of the Article 15 punishment persuade us ▮▮ that there was a fair ▮▮ risk that the record affected the sentence. United States v Worrell, 19 USCMA 487, 42 CMR 89 (1970). Accordingly, we reverse the decision of the United States Navy Court of Military Review as to the sentence and return the record of trial to the Judge Advocate General of the Navy for submission to the Court of Military Review for redetermination of the sentence.

Judge DARDEN concurs.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I disagree with my brothers' holding in this case that the plea of guilty was properly accepted by the military judge for the reasons set forth in my separate opinion in United States v Palos, 20 USCMA 104, 42 CMR 296 (1970). The military judge's failure to make a specific finding on the record that the accused knowingly, intelligently, and consciously waived his right against self-incrimination, his right to trial of the facts by a court-martial, and his right to be confronted by the witnesses against him, is, in my opinion, reversible error. United States v Care, 18 USCMA 535, 40 CMR 247 (1969). Cf. United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969); United States v Fortier, 19 USCMA 149, 41 CMR 149 (1969). Without this specific finding on the record, the record is not verbatim as required by law. See my separate opinion in Palos, supra.

I agree, however, with their determination that the sentence must be reassessed because of the erroneous consideration of evidence of punishment under Article 15, Uniform Code of Military Justice, 10 USC § 815. United States v Johnson, 19 USCMA 464, 42 CMR 66 (1970); United States v Worrell, 19 USCMA 487, 42 CMR 89 (1970).