UNITED STATES, Appellee

v

MONIQUE S. FORTIER, Seaman Apprentice,
U. S. Navy, Appellant

19 USCMA 149, 41 CMR 149

No. 22,448

December 19, 1969

*Captain Michael I. Walling*, USMCR, was on the pleadings for Appellant, Accused.

*Captain Patricia A. Murphy*, USMC, was on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

Since the record in this case fails to reflect compliance with this Court's directive in United States v Donohew, 18 USCMA 149, 39 CMR 149, reversal is required.

At the outset of this special court-martial, the following colloquy appears:

"PRES: Does the accused understand that she has a right to have civilian counsel if provided by her?

"DC: Yes, sir.

"PRES: Is the accused satisfied to proceed with the defense counsel presently representing her?

"ACCUSED: Yes, sir."

In essence, this is the same type of inquiry which he held in *Donohew* to minimally comply with the requirements of Article 38(b) and paragraph 46d, Manual for Courts-Martial, United States, 1951.[1] However, because the

---

[1] "Art. 38. Duties of trial counsel and defense counsel.

. . . . .

"(b) The accused has the right to be represented in his defense before a general or special court-martial by civilian counsel if provided by him, or by military counsel of his own selection if reasonably available, or by the defense counsel detailed under section 827 of this title (article 27). Should the accused have counsel of his own selection, the defense counsel, and assistant defense counsel, if any, who were detailed, shall, if the accused so desires, act as his associate counsel; otherwise they shall be excused by the president of the court."

**149**

accused's complete understanding of his right to the advice and assistance of counsel, both before and at time of trial, is of such importance (Gideon v Wainwright, 372 US 335, 9 L Ed 2d 799, 83 S Ct 792 (1963); Miranda v Arizona, 384 US 436, 16 L Ed 2d 694, 86 S Ct 1602 (1966)), we stated the following in *Donohew,* at page 152:

"We believe the seriousness of the situation dictates that the record should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder.

*"Accordingly, the record in each special or general court-martial convened more than thirty days after the date of this opinion should reflect this requirement has been met."*

The decision in *Donohew* was dated March 7, 1969. This trial was convened more than thirty days thereafter on April 10, 1969. The requirements of *Donohew* not having been complied with a new trial must be ordered.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

This case is not like United States v Donohew, 18 USCMA 149, 39 CMR 149. In *Donohew,* the accused was represented by a nonlawyer and all of the responses to the president's inquiry with respect to counsel were made by the nonlawyer. Here, the accused was represented by certified counsel and personally represented to the president that she was satisfied with her lawyer. On this record, I am convinced that the accused knew and understood her right to military and civilian counsel. I would, therefore, affirm the decision of the board of review.

---

Paragraph 46*d*, Manual for Courts-Martial, United States, 1951, provides in pertinent part:
"When charges are referred to a court for trial the defense counsel will inform the accused immediately that he has been appointed to defend him at the trial, explain his general duties, and advise him of his right to select individual counsel, civil or military, of his own choice pursuant to Article 38*b*. If the accused expresses a desire to be represented by individual counsel, the defense counsel will immediately report the fact to the convening authority, through the trial counsel, and take appropriate steps to secure and consult the requested counsel and, if the accused desires, act as associate counsel. Unless the accused otherwise desires, the defense counsel will undertake the immediate preparation of the defense without waiting for the appointment or retaining of any individual counsel."
Except for unimportant word changes, the cited Manual paragraph remains the same in the Manual for Courts-Martial, United States, 1969, effective as of the date of this trial.