UNITED STATES, Appellee

v

WILLIAM SCOTT, Private First Class,
U. S. Marine Corps, Appellant

19 USCMA 383, 41 CMR 383

No. 22,807

April 17, 1970

*Lieutenant Martin A. Selzer,* JAGC, USNR, was on the pleadings for
Appellant, Accused.
*Lieutenant Colonel Charles J. Keever,* USMC, was on the pleadings for
Appellee, United States.

## Opinion of the Court

PER CURIAM:

Serving a second tour of duty in Vietnam, the accused discovered at the end of an operation covering "35 continuous days" of great tension and pressure that he was not on a list of persons recommended for promotion, as he had purportedly been promised by his previous platoon commander, who had been evacuated from the area for medical reasons. As he discussed the matter with his new platoon commander, a staff sergeant interceded and told the accused to "shut up." This remark precipitated a response by the accused which resulted in a charge of disrespect to a superior noncommissioned officer. The accused was also charged with willful disobedience of an order by the same sergeant on the same day.

At trial, the accused was represented by counsel not certified in accordance with Article 27(b), Uniform Code of Military Justice, 10 USC § 827. Although the trial was held more than thirty days after our decision in United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969), no inquiry of the kind indicated in *Donohew* was made as to the accused's understanding of his right to qualified counsel pursuant to Article 38(b), Code, supra, 10 USC § 838. See United States v Fortier, 19 USCMA 149, 41 CMR 149 (1969). It further appears that trial counsel's argument in regard to the sentence was predicated upon matters not in evidence. Evidence of two previous convictions had been admitted. One was by a special court-martial in August 1967; the other was by a summary court-martial in February 1968, at Camp Lejeune, North Carolina. The two offenses of which the accused stood convicted were committed in March 1969, and the accused was a member of a different unit. Nevertheless, trial counsel argued that the accused had "become a discipline problem for his unit and a burden on the Marine Corps." The clear implication was that other acts of misconduct had been com-

**383**

mitted by the accused while he was a member of his current organization. See United States v Pettigrew, 19 USCMA 191, 194, 41 CMR 191 (1970); United States v Johnson, 12 USCMA 602, 31 CMR 188 (1962). Finally, the president's instructions as to the matters the court members could consider in connection with the sentence, although more amplified than the scanty instructions in United States v Wheeler, 17 USCMA 274, 38 CMR 72 (1967), omitted all reference to the accused's

second tour of duty and his participation in various combat operations.[1]

The deficiencies in the record compel the conclusion that the accused was not "accorded the rights and the kind of trial contemplated by the Uniform Code of Military Justice." United States v O'Dell, 19 USCMA 37, 38, 41 CMR 37 (1969). The decision of the United States Navy Court of Military Review is reversed. The findings of guilty and the sentence are set aside and the charges are ordered dismissed.

---

[1] After the trial, the accused was awarded the Republic of Vietnam Cross of Gallantry with Palm. The interval of time between the trial and the award tends to indicate that the recommendation for the award may have been officially known previous to trial; if it was, the matter should have been presented to the court members. See United States v Anderson, 19 USCMA 8, 41 CMR 8 (1969).