UNITED STATES, Appellee

v

TIMOTHY J. BOWMAN, Private, U. S. Army, Appellant

20 USCMA 119, 42 CMR 311

No. 22,969

November 6, 1970

*Captain Thomas R. Maher* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Lieutenant Colonel Charles W. Schiesser.*

*Captain Charles T. Frew, III,* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Major Edwin P. Wasinger,* and *Captain John C. Lenahan.*

## Opinion of the Court

FERGUSON, Judge:

The accused pleaded guilty to one specification each of possession of marihuana and violation of a lawful regulation, by having in his possession a portion of one tablet of LSD, in violation of Articles 134 and 92, Uniform Code of Military Justice, 10 USC §§ 934 and 892. His sentence, after modification, extends to total forfeitures, confinement at hard labor for nine months, and reduction to the grade of Private E–1.[1]

The only issue before us is whether the law officer failed to comply with the requirements laid down by this Court in United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969).

After reviewing courts-martial cases for almost twenty years, the Judges of this Court, concerned over whether individual accused adequately understood their right to the advice and assistance of counsel, as provided in Article 38(b), Code, supra, 10 USC § 838,[2] placed upon the law officer the personal responsibility for making such a determination. United States

v Donohew, supra. While acknowledging that paragraph 46d, Manual for Courts-Martial, United States, 1951, required *defense counsel,* when charges are referred to trial, to "inform the accused immediately that he has been appointed to defend him at the trial, explain his general duties, and advise him of his right to select individual counsel, civil or military, of his own choice pursuant to Article 38b," we believed that the seriousness of the matter called for extraordinary measures. In consequence thereof, we said, in *Donohew,* at page 152:

"We believe the seriousness of the situation dictates that the record should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder.

"*Accordingly, the record in each special or general court-martial convened more than thirty days after the date of this opinion should reflect this requirement has been met.*

---

[1] According to the brief of appellate defense counsel, the accused was released from confinement on April 1, 1970.

[2] "Art. 38. Duties of trial counsel and defense counsel.

. . . . .

"(b) The accused has the right to be represented in his defense before a general or special court-martial by civilian counsel if provided by him,

or by military counsel of his own selection if reasonably available, or by the defense counsel detailed under section 827 of this title (article 27). Should the accused have counsel of his own selection, the defense counsel, and assistant defense counsel, if any, who were detailed, shall, if the accused *so* desires, act as his associate counsel; otherwise they shall be excused by the president of the court."

120

United States v Rinehart, 8 USCMA 402, 24 CMR 212 [1957]. In taking such action, we intend no reflection on the ability of certified counsel, but conclude that a full statement on the record eliminates uncertainty on appeal and makes it clear to all concerned that the accused has received proper advice."

In the case at bar, during an out-of-court inquiry, the following colloquy took place:

"LO: . . . Do you have the counsel thing there, do you, Captain Bush?

"DC: Yes, sir.

"(Whereupon the document was marked Appellate Exhibit 2)

"LO: Private Bowman, I have what has been marked Appellate Exhibit 2 which has been initialed and signed by you. Do you recognize this document?

"ACCUSED: Yes, sir.

"LO: Do you understand everything that is stated on there and was it explained to you thoroughly before you came into court?

"ACCUSED: Yes, sir.

"LO: Would you be kind enough to tell me by whom you desire to be represented here in this court-martial today?

"ACCUSED: Captain Bush.

"LO: Very well. What is the nature of your motion? What is the nature for the out of court hearing counsel?

"DC: We intend to plead guilty, sir."

Appellate Exhibit 2 contains the following data:

"RIGHTS TO COUNSEL UNDER ARTICLE 38(b), UNIFORM CODE OF MILITARY JUSTICE

"I am Timothy J. Bowman, the ac-
(Name)
cused in a case which has been referred to trial by general court-martial.

I acknowledge that I have been informed by Cpt. Joe Bush that I have
(Name of Counsel)
the following rights:

INITIALS

"1. I have the right to be represented at trial by a civilian lawyer, if I hire and pay him or otherwise engage him to represent me.                    TJB

"2. I have the right to be represented at trial by a military lawyer free of charge; by my detailed defense counsel, or by a military lawyer of my own selection, if reasonably available. My detailed defense counsel will assist me in requesting the latter, if I desire.          TJB

"3. If I desire, my detailed defense counsel may continue to act as associate counsel with my civilian lawyer or requested military lawyer.                TJB

/s/ Timothy J. Bowman
(Signature of accused; Date)

"I certify that on 24 July, 1969, I have advised the above named accused of the above-mentioned rights.

/s/ W. Joe Bush
(Signature of detailed counsel; Date).''

We find this procedure little more than that which we held in *Donohew* to minimally comply with the law, prior to that opinion. Prosecution Exhibit 2 is simply a *written record* of what was previously *required* and conducted *verbally*. Paragraph 46d, Manual, supra. This exhibit and the accused's response to the law officer's inquiry that he understood "everything that is stated on there," is not *"the accused's personal response to direct questions incorporating each of the elements of Article 38 (b), as well as his understanding of his entitlement thereunder."* (Emphasis supplied.) *Donohew*, supra, at page 152. United States v Fortier, 19 USCMA 149, 41 CMR 149 (1969); United States v Scott, 19 USCMA 383, 41 CMR 383 (1970). Cf. United States v Care, 18 USCMA 535, 40 CMR 247 (1969).

The exhibit is helpful in demonstrating that the accused was advised by his attorney prior to trial concerning his entitlement to counsel. But that was the law in force at the time of *Donohew*. The exhibit should not and cannot be a substitute for the in-court, on-the-record advice and determination of understanding and choice to be made by the law officer in all cases tried thirty days after March 7, 1969, the date of the *Donohew* opinion. Were we to approve the short-cut procedure utilized in this case, we would seriously dilute the purpose of *Donohew* and void its mandate. This we decline to do. Reversal is required. United States v Fortier and United States v Scott, both supra.

Since the accused has been released from confinement and restored to duty, it is within the exercise of our discretion to dismiss the charges and specifications. United States v Sheeks, 16 USCMA 430, 37 CMR 590 (1966).

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army. The charges and specifications are ordered dismissed.

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

The law officer complied directly with *Donohew's* mandate that he question the accused directly about his understanding of his right to counsel and his choice of particular counsel. I am satisfied that the nature and scope of the inquiry makes "it clear to all concerned" that the accused received proper advice and voluntarily and understandingly elected to be represented by appointed defense counsel alone. United States v Donohew, 18 USCMA 149, 152, 39 CMR 149 (1969). To conclude otherwise is to give more weight to the form of the inquiry than its substance. Cf. United States v Jenkins, 20 USCMA 112, 42 CMR 304 (1970). I would, therefore, affirm the decision of the United States Army Court of Military Review.