UNITED STATES, Appellee

v

HAROLD E. CARTER, Private First Class,
U. S. Army, Appellant

20 USCMA 146, 42 CMR 338

No. 23,386

November 13, 1970

*Colonel Daniel T. Ghent, Captain Monte Engler,* and *Captain Brian B. McMenamin* were on the pleadings for Appellant, Accused.

*Captain Benjamin G. Porter* was on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

Since the record in this case fails to reflect compliance with this Court's directive in United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969), reversal is required. United States v Fortier, 19 USCMA 149, 41 CMR 149 (1969); United States v Bowman, 20 USCMA 119, 42 CMR 311 (1970).

At the outset of this general court-martial, the following colloquy appears:

"MJ: All right, Captain Andrews, have you advised the accused of his right to be represented by a lawyer under the meaning of Article 38b of the Code?

"DC: Yes, sir. I have. I have informed him that he had the right to be defended by a civilian lawyer at his own expense and that if he so chose, that I would also act as assistant defense counsel to this attorney or to a military counsel of his own selection. He was fully apprised of this, sir.

"MJ: PFC Carter, did you understand that advice he gave you with respect to a lawyer?

"ACCUSED: Yes, sir.

"MJ: Now you have already stated, Captain Andrews, that you will defend him. Is that correct?

"DC: Yes, sir."

In United States v Donohew, supra, we placed upon the presiding officer (military judge or president of a special court-martial without a military judge) the responsibility of determining, by personally questioning the accused, whether he was aware of

and completely understood his right to counsel as provided by Article 38(b), Uniform Code of Military Justice, 10 USC § 838.[1] (See also paragraph 46d, Manual for Courts-Martial, United States, 1969 (Revised edition).)[2] As we stated in *Donohew*, at page 152:

"We believe the seriousness of the situation dictates that the record should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder.

"*Accordingly, the record in each special or general court-martial convened more than thirty days after the date of this opinion should reflect this requirement has been met.* United States v Rinehart, 8 USCMA 402, 24 CMR 212 [1957]. In taking such action, we intend no reflection on the ability of certified counsel, but conclude that a full statement on the record eliminates uncertainty on appeal and makes it clear to all concerned that the accused has received proper advice."

The decision in *Donohew* was dated March 7, 1969, and this case was tried on November 10, 1969. In our opinion, the inquiry in this case, as reflected by the above-quoted portion of the record, did not comply with the mandatory requirements of *Donohew*. Reversal is required. United States v Fortier, supra.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

I would affirm the decision of the United States Army Court of Military Review. See my dissent in United States v Fortier, 19 USCMA 149, 41 CMR 149 (1969).

---

[1] "The accused has the right to be represented in his defense before a general or special court-martial by civilian counsel if provided by him, or by military counsel of his own selection if reasonably available, or by the defense counsel detailed under section 827 of this title (article 27). Should the accused have counsel of his own selection, the defense counsel, and assistant defense counsel, if any, who were detailed, shall, if the accused so desires, act as his associate counsel; otherwise they shall be excused by the military judge or by the president of a court-martial without a military judge."

[2] This paragraph states in pertinent part: "When charges are referred to a court for trial, the defense counsel will inform the accused immediately that he has been detailed to defend him at the trial, explain his general duties, and advise him of his right to select individual counsel, civilian or military, of his own choice pursuant to Article 38(b). If the accused expresses a desire to be represented by individual counsel, the defense counsel will immediately report the fact to the convening authority, through the trial counsel, and take appropriate steps to secure and consult the requested counsel and, if the accused desires, act as associate counsel. Unless the accused otherwise desires, the defense counsel will undertake the immediate preparation of the defense without waiting for the detail or retention of any individual counsel."