UNITED STATES, Appellee

v

WILLIAM D. GOODIN, Private,
U. S. Army, Appellant

20 USCMA 160, 42 CMR 352

No. 23,018

November 20, 1970

*Colonel Daniel T. Ghent, Captain Howard L. Kaplus,* and *Captain Raymond A. DiLuglio* were on the pleadings for Appellant, Accused.

*Colonel David T. Bryant, Captain William R. Steinmetz,* and *Captain James L. Rider* were on the pleadings for Appellee, United States.

FERGUSON, Judge:

The issue in this case is the same as in United States v Bowman, 20 USCMA 119, 42 CMR 311 (1970),[1] where we reversed for failure of the law officer to comply with the requirements laid down by this Court in United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969). See also United States v Fortier, 19 USCMA 149, 41 CMR 149 (1969); United States v Scott, 19 USCMA 383, 41 CMR 383 (1970); United States v Carter, 20 USCMA 146, 42 CMR 338 (1970).

In *Donohew*, we placed upon the law officer the personal responsibility for determining, by direct questioning, whether the accused was aware of and understood his right to the advice and assistance of counsel as provided in Article 38(b), Uniform Code of Military Justice, 10 USC § 838. As we said in *Donohew*, at page 152:

"We believe the seriousness of the situation dictates that *the record should contain the accused's personal response to direct questions* incorporating each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder." [Emphasis supplied.]

In this case, as in *Bowman*, a written form containing information from Article 38(b), (Appellate Exhibit 2),[2] signed by the accused, was utilized for this purpose. The law officer simply questioned the accused as to whether he read, understood, and signed the exhibit.

We cannot accept the shortcut procedure utilized in this case. As we said in *Bowman*, at page 122:

"The exhibit is helpful in demonstrating that the accused was advised by his attorney prior to trial concerning his entitlement to counsel. But that was the law in force at the time of *Donohew*. The exhibit should not and cannot be a substitute for the in-court, on-the-record advice and determination of understanding and choice to be made by the law officer in all cases tried thirty days after March 7, 1969, the date of the *Donohew* opinion."

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

## APPENDIX

"RIGHTS TO COUNSEL UNDER ARTICLE 38(b), UNIFORM CODE OF MILITARY JUSTICE

"I am William D. Goodin, the ac-
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
(Name)
cused in a case which has been referred to trial by general court-martial. I acknowledge that I have been informed by Cpt Slicker that I have the fol-
(Name of Counsel)
lowing rights:

INITIALS

1. I have the right to be represented at trial by a civilian lawyer, if I hire and pay him or otherwise engage him to represent me.   WDG

2. I have the right to be represented at trial by a military lawyer free of charge; by my detailed defense counsel, or by a military lawyer of my own selection, if reasonably available. My detailed defense counsel will assist me in requesting the latter, if I desire.   WDG

3. If I desire, my detailed defense counsel may continue to act as associate counsel

---

[1] This case was tried at the same place (Fort Lewis, Washington), on the same date (July 25, 1969), and with the same law officer, as in *Bowman*.

[2] See Appendix.

with my civilian lawyer or requested military lawyer. WDG

/s/ William D. Goodin
(Signature of accused; Date)

"I certify that on 8 June 1969 and 24 July, 69 I have advised the above named accused of the above-mentioned rights.

/s/ Frederick K. Slicker
(Signature of detailed counsel; Date)
24 July 1969

HFL Form 1035
6 May 69

APPELLATE EXHIBIT 2."

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

I would affirm the decision of the United States Army Court of Military Review. See my dissent in United States v Bowman, 20 USCMA 119, 42 CMR 311 (1970).