UNITED STATES, Appellee

v

JOHN H. TURNER, Private, U. S.
Marine Corps, Appellant

20 USCMA 167, 43 CMR 7

No. 22,948
November 27, 1970

*Lieutenant Kenneth F. Ripple*, JAGC, USNR, argued the cause for Appellant, Accused.

*Lieutenant Thomas J. Donegan, Jr.*, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Charles J. Keever*, USMC.

## Opinion of the Court

DARDEN, Judge:

The Court granted appellant's petition to consider two questions: (1) Whether appellant was misadvised of his right to trial by a panel that included enlisted members; and (2) whether appellant was misadvised of his choices of counsel under Article 38, Uniform Code of Military Justice, 10 USC § 838.

Charged with larceny, housebreaking, assault, and robbery, the appellant pleaded guilty in compliance with a pretrial agreement. The convening authority approved a lesser sentence consisting of bad-conduct discharge, confinement at hard labor for ten months, and forfeiture of all pay and allowances for ten months.

### I

The appellant was tried by a military judge alone. The transcript of the trial proceedings records this statement by the military judge:

"MJ: The accused has submitted a request, which I have approved, to be tried by a Military Judge alone. It will be appended to the convening order and made part of this record."

The text of the request to which the judge referred recites, among other things, that the appellant was making the request "with full knowledge of my right to be tried by a court-martial composed of commissioned officers." An endorsement by trial defense counsel also indicates that he had fully advised the appellant of his right to trial before a court composed of commissioned officers. Because this form and the endorsement did not go further and indicate an awareness by the appellant of his statutory right to be tried by a court with enlisted members constituting one-third of its membership, we are urged that the findings on the guilty plea should be reversed. A part of the argument for reversal is that the failure of the military judge to interrogate the appellant on the record to determine, in compliance with paragraph 53*d*(2) (*a*) of the Manual for Courts-Martial, United States, 1969 (Revised edition), that the request of the appellant for trial by military judge alone was "understandingly made" compounded what appellate defense counsel views as an error in the document by which the appellant requested trial by military judge alone.

The asserted error here is a variation of one we recently considered in United States v Jenkins, 20 USCMA 112, 42 CMR 304 (1970). In *Jenkins* the military judge had not interrogated the accused on the record to determine, in compliance with the Manual provision quoted supra, that the request of the accused for trial by military judge alone was "understandingly made." Not until the petition to this Court had a complaint about this lack of interrogation been made. Our opinion in *Jenkins* points out that the waiver of the statutory right to trial by a court is accomplished by execution of the written request prescribed by Article 16, Uniform Code of Military Justice, 10 USC § 816. When a military judge fails to follow the Manual requirement that he interrogate an accused at trial to determine that the written request was understandingly made, the failure of the accused to object before appeal to this Court is a waiver, not of the statutory right, but of the judge's reassurance.

The Manual provision obligating the military judge to assure himself the written request was understandingly made has the force of law, but this does not insulate an error in this re-

spect from our weighing its effect under the military harmless error statute, Article 59(a), Uniform Code of Military Justice, 10 USC § 859.

Since the absence of the interrogation here is controlled by our opinion in *Jenkins*, we turn to consideration of whether the reference in the request for trial by military judge alone to the right to be tried by a court composed of commissioned officers was prejudicially incomplete.

Article 16 provides:

"The three kinds of courts-martial in each of the armed forces are—

(1) general courts-martial, consisting of—

(A) a military judge and not less than five members; or

(B) only a military judge, if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests in writing a court composed only of a military judge and the military judge approves;

(2) special courts-martial, consisting of—

(A) not less than three members; or

(B) a military judge and not less than three members; or

(C) only a military judge, if one has been detailed to the court, and the accused under the same conditions as those prescribed in clause (1)(B) so requests; and

(3) summary courts-martial, consisting of one commissioned officer."

The statute itself does not prescribe the form of a request for trial by military judge alone. Appendix 8e of the Manual for Courts-Martial, United States, 1969 (Revised edition), however, provides a suggested form for requesting trial by military judge alone. This Manual form contains a specific acknowledgment that the accused knows of his right to be tried by a court-martial composed of officers and enlisted members. Since the request in this case specifically refers to knowledge by the appellant of his right to trial by a court composed only of commissioned officers, we are urged to infer that he was unaware he also could elect trial by court composed in part of enlisted members. We think such an inference is unjustified. The statute permitting an accused to elect trial by military judge alone does not require that his written request enumerate an accused's understanding of all the differences between trial by judge alone and trial by a court. The written request could hardly be an all-inclusive document that outlined all the consequences of waiving trial by the military equivalent of a jury. The appellant was represented at trial by certified military counsel, he was counseled, and in the absence of evidence to the contrary the certified counsel is presumed to have discharged adequately the duty he has under paragraph 48f, Manual, supra, of advising the appellant of his right to have enlisted persons as members of the court.

The recital of knowledge of one right in the form used does not demonstrate that the appellant was unaware of the other options not covered by the form.

II

The second issue on which we granted review relates to the failure of the military judge in this case to comply fully with the procedure prescribed in this Court's opinion in United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969), for informing an accused of his various choices of counsel. In *Donohew*, at page 152, this Court declared:

"We believe the seriousness of the situation dictates that the record should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder."

In this case the appellant was advised as follows:

169

"MJ: Have you informed the accused of his rights concerning counsel, as set forth in Article 38(b) of the Code.

"DC: Yes, sir.

"MJ: I know you have explained them to the accused, but for my satisfaction I would also like to explain them.

"MJ: Private TURNER you have the right to be represented by civilian counsel of your own selection, and at your own expense—do you understand that?

"ACC: Yes, sir.

"MJ: You also understand, that you have the right to [be] represented free of charge by a military counsel of your own selection, if reasonable [sic] available. Do you understand that?

"ACC: Yes, sir.

"MJ: Do you desire to be represented by civilian counsel?

"ACC: No, sir.

"MJ: Are you satisfied with the detailed counsel?

"ACC: Yes, sir.

"MJ: By whom will the accused be defended?

"DC: The accused will be defended by Captain Charles H. MOSES III, the detailed defense counsel in this case."

The failure of the military judge to inform the appellant in this case that if he were represented by civilian counsel his detailed military counsel could continue to act as associate counsel if the appellant so desired is assailed here as a violation of this Court's mandate in *Donohew*, supra.

The *Donohew* opinion indicated that the record should contain the accused's response to *each* of the elements of Article 38(b).[1] In our review of the records of trials conducted since the *Donohew* opinion, we have noted that almost all military judges have generously complied with the language of that opinion by informing accused not only of their rights to civilian counsel, military counsel of their selection, or detailed military counsel, but also of the continued availability of detailed military counsel if the accused retained civilian counsel.

In this case the record establishes the awareness of the appellant that he could retain civilian counsel, or that he could request a specific military counsel, or that he could be defended by the military counsel detailed to him. When an accused has categorically answered no to a question whether he desired civilian counsel, and in the absence of any expression of interest by the accused in civilian counsel, did the military judge commit error under *Donohew* by omitting information that if the accused retained civilian counsel, the detailed military counsel could continue to function as an associate counsel? We hold not, because it was not this aspect of knowledge about rights to counsel that inspired our concurrence in the *Donohew* opinion. In our view, the basic objectives were the assurances that accused know of his rights to retain civilian counsel or to select a military counsel different from the one detailed to him.

The near absurdity of a contrary holding is demonstrable. When an accused has answered no to a question whether he desired civilian counsel and yes to a question whether he was satis-

---

[1] "The accused has the right to be represented in his defense before a general or special court-martial by civilian counsel if provided by him, or by military counsel of his own selection if reasonably available, or by the defense counsel detailed under section 827 of this title (article 27). Should the accused have counsel of his own selection, the defense counsel, and assistant defense counsel, if any, who were detailed, shall, if the accused so desires, act as his associate counsel; otherwise they shall be excused by the military judge or by the president of a court-martial without a military judge."

fied with his detailed counsel, must the military judge nonetheless say to the accused, in effect, "If you desired the counsel you have indicated you do not desire, the counsel you do desire would be available to assist the counsel you do not want."

We regard the possibility that the appellant would have retained civilian counsel if the military judge had informed him he would not lose his detailed military counsel as being so remote that a reversal is not justified.

The decision of the Court of Military Review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

In a written request for trial by military judge alone[1] (Article 16, Uniform Code of Military Justice, 10 USC § 816; paragraph 53*d*(2)(*b*), Manual for Courts-Martial, United States, 1969 (Revised edition)), the accused acknowledged that he was making the request after consultation with counsel and "with full knowledge of my right to be tried by a court-martial composed *of commissioned officer's.*" (Emphasis supplied.) The request contains an endorsement by defense counsel that he "fully advised the above accused of his right to trial before a court-martial composed of commissioned officers." A further endorsement by the military judge reflects that the latter approved the request on the day before the trial.

After the personnel of the court had been sworn, without members, the military judge announced:

"The accused has submitted a request, which I have approved, to be tried by a Military Judge alone. It will be appended to the convening order and made part of this record."

Since the accused has the right, under Article 25(c), Code, supra, 10 USC § 825, to be tried by a court-martial composed of at least one-third enlisted men, the question arises as to

whether the accused was misadvised as to his right to trial by a panel of commissioned officers and *enlisted men.*

Despite the clear statements in the record, as noted above, that the accused's knowledge and the pretrial advice given to him by defense counsel, was limited to a right to trial before "a court-martial composed of commissioned officers," with no reference to the right to have enlisted men on the court, my brothers find no error. They do so by the simple expedient of *presuming* that defense counsel discharged the duty imposed on him by paragraph 48*f*, Manual, supra, of advising the accused of his right to have enlisted persons as members of the court. At the same time they excuse the military judge for his obvious failure to follow the Manual requirement that he interrogate an accused at trial in order to assure himself that the written request for trial by judge alone was *understandingly* made (paragraph 53*d*(2)(*b*), Manual, supra), on the basis of their holding in United States v Jenkins, 20 USCMA 112, 42 CMR 304 (1970), that the failure of the accused to voice objection constituted waiver.

I dissented in *Jenkins* because I believe that the trial procedure promulgated by the President in paragraph 53*d*(2)(*b*), Manual, supra, which has the force of law (United States v Smith, 13 USCMA 105, 32 CMR 105 (1962); United States v Johnson, 18 USCMA 436, 40 CMR 148 (1969)), is binding upon the military judge and his failure to carry out his duties cannot be attributed to a silent accused. Paragraph 39*b*, Manual, supra; United States v Fortier, 19 USCMA 149, 41 CMR 149 (1969); United States v Bowman, 20 USCMA 119, 42 CMR 311 (1970).

The case at bar vividly illustrates the complications which may arise when rules of procedure are not strictly followed. Nowhere in this record is there any indication that this accused was aware of his statutory right to be tried by a court whose membership consisted of at least one-third enlisted men. Even the convening order itself lists only commissioned officers as detailed

[1] See Appendix.

members of the court. Had the military judge properly performed the duty imposed upon him by the President (Article 36(a), Code, supra, 10 USC § 836), by virtue of the promulgation of paragraph 53d(2)(b), Manual, supra, he would have ascertained whether or not the accused was aware of that right. His not having done so leaves the question in doubt. If, in fact, the accused was unaware of this right, as clearly indicated by the written request for trial by judge alone, it cannot be said, beyond a reasonable doubt, that his waiver of trial by a court composed of commissioned officers and *enlisted men* was *understandingly* made. In such circumstances, I believe that the military judge's failure to make the required inquiry was prejudicially erroneous. See my separate opinion in United States v Jenkins, supra. See generally, Chapman v California, 386 US 18, 17 L Ed 2d 705, 87 S Ct 824 (1967), and Jackson v Denno, 378 US 368, 12 L Ed 2d 908, 84 S Ct 1774 (1964).

I am unable to follow by brothers' reasoning in this case where they rely on the presumption that, in the absence of evidence to the contrary, certified counsel is presumed to have discharged his duty under paragraph 48f, Manual, supra, of advising the accused of his right to have enlisted persons as members of the court.

Initially I believe that the written request for trial by military judge alone constitutes "evidence to the contrary." But even if I did not hold that view, we have declined to indulge in such a presumption where an accused's right to counsel is concerned.

Paragraph 46d, Manual, supra, requires that defense counsel, prior to trial, inform an accused of his right to counsel pursuant to Article 38(b), Code, supra. Despite this Manual requirement, we directed, in United States v Donohew, 18 USCMA 149, 152, 39 CMR 149 (1969), that the presiding officer question the accused at trial and obtain, *on the record,* his "personal response to direct questions incorporating each of the elements of Article 38(b), *as well as his understanding of his entitlement thereunder.*" (Emphasis supplied.) United States v Fortier, supra. See also United States v Carter, 20 USCMA 146, 42 CMR 338 (1970); United States v Scott, 19 USCMA 383, 41 CMR 383 (1970). In United States v Bowman, supra, and United States v Goodin, 20 USCMA 160, 42 CMR 352 (1970), we declined to accept, as a substitute for direct questioning by the presiding officer, a written document initialed and signed by the accused attesting that he had been informed of his rights to counsel prior to trial by defense counsel. The presumption relied on by my brothers in this case is incompatible with the holdings in the above-cited cases, especially where, as here, there is some "evidence to the contrary."

The second issue in this case involves, directly, the requirements laid down in United States v Donohew, supra.

As noted above, *Donohew* requires that the record contain "the accused's personal response to direct questions incorporating *each* of the elements of Article 38(b),[2] as well as his understanding of his entitlement thereunder." (Emphasis supplied.) The military judge, in questioning the accused, proceeded as follows:

"MJ: Have you informed the accused of his rights concerning coun-

---

[2] "Art. 38. **Duties of trial counsel and defense counsel.**

.   .   .   .   .

"(b) The accused has the right to be represented in his defense before a general or special court-martial by civilian counsel if provided by him, or by military counsel of his own selection if reasonably available, or by the defense counsel detailed under section 827 of this title (article 27). Should the accused have counsel of his own selection, the defense counsel, and assistant defense counsel, if any, who were detailed, shall, if the accused so desires, act as his associate counsel; otherwise they shall be excused by the military judge or by the president of a court-martial without a military judge."

172

sel, as set forth in Article 38(b) of the Code.

"DC: Yes, sir.

"MJ: I know you have explained them to the accused, but for my satisfaction I would also like to explain them.

"MJ: Private TURNER you have the right to be represented by civilian counsel of your own selection, and at your own expense—do you understand that?

"ACC: Yes, sir.

"MJ: You also understand, that you have the right to [be] represented free of charge by a military counsel of your own selection, if reasonable [sic] available. Do you understand that?

"ACC: Yes, sir.

"MJ: Do you desire to be represented by civilian counsel?

"ACC: No, sir.

"MJ: Are you satisfied with the detailed counsel?

"ACC: Yes, sir.

"MJ: By whom will the accused be defended?

"DC: The accused will be defended by Captain Charles H. MOSES III, the detailed defense counsel in this case."

It is at once apparent that the military judge failed to determine from the accused whether he was aware of and understood his right to have detailed defense counsel act as associate counsel, in the event he desired to be represented by counsel of his own selection, either civilian or military. He also failed to ask the accused whether he desired military counsel of his own selection, other than the counsel detailed by the convening authority.

My brothers find no error in the omission of this portion of the elements of Article 38(b) from the military judge's inquiry and believe that where an accused, as here, has stated he does not desire civilian counsel and

is satisfied with detailed counsel, a holding to the contrary is absurd.

I do hold to the contrary as I do not believe that my view is contrary to reason.

At this point in the proceedings, the accused and detailed counsel have, presumably, worked together, closely, and at length, in the preparation of the defense. They have established an attorney-client relationship, an association with a very particular standing in the law. Because of their association, the accused, necessarily, has come to rely on his detailed lawyer for advice and assistance to such an extent that he would, except in the unusual case, be reluctant to forgo it. Unless he is advised and understands that he will not lose this assistance, in the event he at that point desires counsel of his own selection, either civilian or military, I do not believe that it can be said, beyond a reasonable doubt, that he would not have made such a selection. A contrary view is, in my opinion, an unwarranted presumption.

In my opinion the military judge's failure to completely follow the procedural requirement laid down in *Donohew* was prejudicial error. United States v Fortier, United States v Scott, United States v Carter, United States v Bowman, and United States v Goodin, all supra.

In each of the issues in this case we deal with rules of trial procedure, recently instituted. Paragraph 53*d*(2)(*b*), Manual, supra; United States v Donohew, supra. Failure to follow the required procedure indicates, in my opinion, utter disregard for this Court as a court of law. Rather, this Court appears to be viewed, by those concerned with military trials, as some sort of military board whose directives can be ignored with impunity.

This Court, being a Court created by Act of Congress, must administer justice in a manner that will insure to all military accused equal justice under the law. Rules of procedure are essential to this purpose. The doctrine of *stare decisis*, whereby courts

stand by precedent and do not disturb settled points of law, is an integral part of equal justice under law.

In March 1969, this Court laid down the rule in *Donohew* that:

". . . the record should contain the accused's personal response to direct questions incorporating *each* of the elements of Article 38(b), as well as his understanding of his entitlement thereunder." [Emphasis supplied.] [*Id.*, at page 152.]

To hold, as do my brothers, that strict compliance with this procedure is not essential and is not error, is to disregard the importance of adherence to rules of procedure and *stare decisis*, and to fail to afford this accused equal justice under the law.

For the reasons set forth above, I would reverse the decision of the Court of Military Review and direct that a rehearing may be ordered.

## APPENDIX

"OFFICE OF THE STAFF JUDGE ADVOCATE
9th Marine Amphibious Brigade, FMF
FPO, San Francisco 96602

17/pmk
5800
15 August 1969

From: Private First Class John H. TURNER, 244 59 23, USMC
To: Military Judge
Via: (1) Defense Counsel
(2) Trial Counsel

Subj: Request for Trial Before Military Judge Alone

Ref: (a) Article 16 UCMJ

1. In accordance with reference (a), I have been informed that Colonel William W. WANDER, 01 35 44, USMC is the military judge detailed to the court-martial to which the charge(s) and specification(s) pending against me have been referred for trial. After consulting with my defense counsel, I hereby request that the court be composed of the military judge alone. I make this request with full knowledge of my right to be tried by a court-martial composed of commissioned officers.

/s/ John H. Turner Jr.
JOHN H. TURNER

FIRST ENDORSEMENT

15 August 1969
(DATE)

From: Defense Counsel
To: Military Judge
Via: Trial Counsel

1. Prior to the signing of the foregoing request, I fully advised the above accused of his right to trial before a court-martial composed of commissioned officers.

/s/ Charles H. Moses III
CHARLES H. MOSES III

SECOND ENDORSEMENT

18 Aug 69
(DATE)

From: Trial Counsel
To: Military Judge

1. Argument is (not) requested.

/s/ Rex L. Jones
REX L. JONES

THIRD ENDORSEMENT

25 Aug 69
(DATE)

From: Military Judge
To: Private First Class John H. TURNER, 244 59 23, USMC

1. I approve (disapprove) the foregoing request for trial before me alone.

/s/ William W. Wander Jr.
WILLIAM W. WANDER JR."