UNITED STATES, Appellee

v

JIMMIE BAKER, Lance Corporal,
U. S. Marine Corps, Appellant

20 USCMA 175, 43 CMR 15

No. 23,098

November 27, 1970

Captain Harry N. Lembeck, USMCR, and Lieutenant James S. Bailey, JAGC, USNR, were on the pleadings for Appellant, Accused.

Lieutenant Colonel Charles J. Keever, USMC, and Commander Michael F. Fasanaro, Jr., JAGC, USN, were on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

The appellant in this case was defended by appointed counsel qualified in accordance with Article 27(b), Uniform Code of Military Justice, 10 USC § 827. In response to questions by the military judge, Baker acknowledged that he was aware of his right to be represented by a civilian lawyer or a military lawyer of his own selection. He was satisfied with appointed counsel, however. This inquiry meets the demands of Article 38(b), Uniform Code of Military Justice, 10 USC § 838. United States v Turner, 20 USCMA 167, 43 CMR 7 (1970).

Introduction of evidence reflecting that Baker had been given Article 15 punishment for failure to obey a lawful

**175**

order and being disorderly in barracks could not have played a ██ part in the determination of this sentence that consists of a bad-conduct discharge, total forfeitures, confinement at hard labor for one year and six months, and reduction to pay grade E–1, considering that the conviction was for wrongfully giving money with intent to influence another's official acts, communicating threats, assaulting a noncommissioned officer, attempted theft, and wrongful appropriation. United States v Lindsay, 19 USCMA 502, 42 CMR 104 (1970); United States v Young, 19 USCMA 481, 42 CMR 83 (1970); United States v Gauthier, 19 USCMA 482, 42 CMR 84 (1970).

The dissenting opinion's reliance on United States v Duron, 19 USCMA 563, 42 CMR 165 (1970), is misplaced. Duron was tried for two specifications of wrongful appropriation and an unauthorized absence. The prior Article 15 punishment introduced against him concerned his failure to obey an order to submit to a medical quarantine, two brief unauthorized absences, a public fight, and failing to obey a regulation by wearing civilian clothes aboard ship. He received a bad-conduct discharge, total forfeitures, confinement at hard labor for eight months, and reduction in grade.

The many serious offenses for which Baker was convicted, as well as the nature of his earlier nonjudicial punishment and his sentence, are elaborated on above. Considering the possible effect of fewer violations resulting in Article 15 punishment for Baker, whose court-martial offenses were more serious than were Duron's, we believe the distinction between the two situations is manifest.

The decision of the United States Navy Court of Military Review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

In questioning the accused relative to his knowledge and understanding of his entitlement to the advice and assistance of counsel, in accordance with the provisions of Article 38(b), Uniform Code of Military Justice, 10 USC § 838 (United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969)), the military judge failed to determine whether Baker was aware that detailed military counsel would act as associate counsel in the event Baker desired to be represented by civilian or military counsel of his own selection and wanted detailed counsel to remain. For the reasons set forth in my separate opinion, on this issue, in United States v Turner, 20 USCMA 167, 43 CMR 7 (1970), I believe this was error prejudicial to the substantial rights of the accused. United States v Fortier, 19 USCMA 149, 41 CMR 149 (1969); United States v Scott, 19 USCMA 383, 41 CMR 383 (1970); United States v Carter, 20 USCMA 146, 42 CMR 338 (1970); United States v Bowman, 20 USCMA 119, 42 CMR 311 (1970); United States v Goodin, 20 USCMA 160, 42 CMR 352 (1970).

I also believe it was prejudicially erroneous for the military judge to consider evidence of punishment under Article 15, Code, supra, 10 USC § 815, since the charged offenses occurred prior to August 1, 1969, the effective date of paragraph 75d, Manual for Courts-Martial, United States, 1969 (Revised edition). United States v Johnson, 19 USCMA 464, 42 CMR 66 (1970). My brothers' determination that the record of prior punishment could not have played a part in the determination of the sentence in this case is, in my opinion, wholly unwarranted. Cf. United States v Walker, 19 USCMA 472, 42 CMR 74 (1970); United States v Martin, 19 USCMA 486, 42 CMR 88 (1970); United States v Worrell, 19 USCMA 487, 42 CMR 89 (1970); United States v Iacono, 19 USCMA 490, 42 CMR 92 (1970); United States v Duron, 19 USCMA 563, 42 CMR 165 (1970). The use of the inadmissible Article 15 punishment, in the case at bar, is squarely in point with that which pertained in United States v Duron, supra, where Judge

176

Darden, writing for a unanimous Court, declared, at page 563:

". . . This evidence constituted the whole of prosecution's evidence against the appellant during sentencing. No evidence was offered of prior convictions. Under these circumstances we cannot be certain that the court was uninfluenced in assessing sentence by this inadmissible evidence. We believe that such consideration presents a fair risk of prejudice, requiring that the sentence be re-examined. United States v Martin, 19 USCMA 486, 42 CMR 88 (1970); United States v Iacono, 19 USCMA 490, 42 CMR 92 (1970); and United States v Johnson, supra."

I would reverse the decision of the Court of Military Review and direct that a rehearing may be ordered.