UNITED STATES, Appellee

v

ERIC DEAN STANSBERRY, Seaman Recruit,
U. S. Navy, Appellant

20 USCMA 177, 43 CMR 17

No. 23,118

November 27, 1970

*Lieutenant Scott M. Feldman,* JAGC, USNR, was on the pleadings for Appellant, Accused.

*Commander Michael F. Fasanaro, Jr.,* JAGC, USN, was on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

Responding to questions of the military judge in this case, the appellant stated that he was aware of his right but did not desire representation by civilian counsel or military counsel of

his own selection. He was prepared to go to trial with Lieutenant ■ Riley, an appointed counsel, and specifically rejected the assistance of other appointed defense counsel. The military judge's inquiry into this matter therefore complied with the requirements of Article 38(b), Uniform Code of Military Justice, 10 USC § 838. United States v Turner, 20 USCMA 167, 43 CMR 7 (1970).

For the reasons set forth in United States v Jenkins, 20 USCMA 112, 42 CMR 304 (1970), Stans- ■ berry was not prejudiced by the military judge's lack of compliance with paragraph 53*d* (2)(*b*), Manual for Courts-Martial, United States, 1969 (Revised edition), concerning trial without a jury.

The decision of the United States Navy Court of Military Review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

In questioning the accused relative to his knowledge and understanding of his entitlement to the advice and assistance of counsel, in accordance with the provisions of Article 38(b), Uniform Code of Military Justice, 10 USC § 838 (United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969)), the military judge failed to determine whether Stansberry was aware that detailed military counsel would act as associate counsel in the event Stansberry desired to be represented by civilian or military counsel of his own selection and wanted detailed counsel to remain. For the reasons set forth in my separate opinion, on this issue, in United States v Turner, 20 USCMA 167, 43 CMR 7 (1970), I believe this was error prejudicial to the substantial rights of the accused. United States v Fortier, 19 USCMA 149, 41 CMR 149 (1969); United States v Scott, 19 USCMA 383, 41 CMR 383 (1970); United States v Carter, 20 USCMA 146, 42 CMR 338 (1970); United States v Bowman, 20 USCMA 119, 42 CMR 311 (1970); United States v Goodin, 20 USCMA 160, 42 CMR 352 (1970).

I also believe it was prejudicially erroneous for the military judge to fail to inquire into whether the accused's request for trial by military judge alone (Article 16, Code, supra, 10 USC § 816), was understandingly made, as required by paragraph 53*d*(2)(*b*), Manual for Courts-Martial, United States, 1969 (Revised edition). See *my separate opinion in United States v Jenkins, 20 USCMA 112, 42 CMR 304 (1970).*

I would reverse the decision of the Court of Military Review and direct that a rehearing may be ordered.