UNITED STATES, Appellee

v

ROBERT L. ALLEN, Corporal, U. S. Marine Corps, Appellant

20 USCMA 180, 43 CMR 20

No. 23,097

December 4, 1970

*Lieutenant Scott M. Feldman*, JAGC, USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever*, USMC, and *Commander Michael F. Fasanaro, Jr.*, JAGC, USN, were on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

Allen, in writing, chose to be tried by military judge alone. The signed, printed form indicates, however, that he made such a request with apparent knowledge only of his right to be tried by a court-martial composed of commissioned officers. Advice that he had a right to have the court-martial panel composed of one-third enlisted men was omitted. This same omission was considered in United States v Turner, 20 USCMA 167, 43 CMR 7 (1970). The issue was decided against that appellant. For the reasons stated in that opinion, we affirm the decision of the United States Navy Court of Military Review.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

Here, as in United States v Turner, 20 USCMA 167, 43 CMR 7 (1970), the accused's written request for trial by military judge alone[1] reflected that he had been informed by counsel of his "right to be tried by a court-martial composed of commissioned officers." Nowhere in this request or in the record of trial is there any indication that he had been informed or was otherwise aware of his right to request a court composed of at least one-third enlisted men, as provided in Article 25(c), Uniform Code of Military Justice, 10 USC § 825. To the contrary, the written request includes a paragraph, signed by defense counsel, attesting only to the fact that: "Prior to the signing of the foregoing request, I fully advised the above accused of his right to trial before a court-martial composed of commissioned officers." The military judge, who approved the request and signed

his name thereto, did not recognize the omission, nor did he make any inquiry as to whether the accused's request for trial by military judge alone was *understandingly* made as required by paragraph 53d(2)(b), Manual for Courts-Martial, United States, 1969 (Revised edition). See United States v Jenkins, 20 USCMA 112, 42 CMR 304 (1970). He simply stated, "I am in receipt of an approved request for trial before the judge, to be attached to the record of trial."

In *Turner*, my brothers held that since paragraph 48f, Manual, supra, requires that defense counsel, prior to trial, advise the accused of his right to have enlisted persons as members of the court, it can be presumed, in the absence of evidence to the contrary, that counsel adequately performed that duty. Their reliance on *Turner* in affirming this case apparently reflects the same view.

I dissented in *Turner* and do so here because it is patently obvious that the statements of the accused and defense counsel in the written request for trial itself is evidence that the accused was *not* informed of his right to have enlisted members serve on his court. What other reason could there be for the failure to include this information on the written request, if in fact it was given?

In United States v Jenkins, supra, my brothers affirmed despite the fact that the military judge, as in this case, did not make inquiry of the accused to determine whether his request for trial by military judge alone was *understandingly* made, as required by paragraph 53d(2)(b), Manual, supra. My brothers took the position the accused's failure to object before appeal to this Court was a waiver, not of the statutory right, but of the judge's reassurance.

---

[1] See Appendix.

I dissented in *Jenkins* and do so here because I believe that the trial procedure, promulgated by the President in the above-cited Manual provision, has the force of law (United States v Smith, 13 USCMA 105, 32 CMR 105 (1962); United States v Johnson, 18 USCMA 436, 40 CMR 148 (1969)) and is binding upon the military judge. Since the President has placed this responsibility upon the judge alone, I do not understand how his failure to carry out his duties can be attributed to a silent accused. Paragraph 39*b*, Manual, supra; United States v Fortier, 19 USCMA 149, 41 CMR 149 (1969); United States v Bowman, 20 USCMA 119, 42 CMR 311 (1970).

Both this case and *Turner* vividly illustrate the complications which may arise when rules of procedure are not strictly followed. It would have been a simple matter for the military judge to question the accused concerning his request for trial alone. Proper inquiry would have left no doubt as to whether the accused was aware of his right to have enlisted members on the court. If, in fact, the accused was unaware of this right, it cannot be said, beyond a reasonable doubt, that his waiver of trial by a court composed of commissioned officers and *enlisted men* was *understandingly* made. See my separate opinion in United States v Jenkins, supra.

I would reverse the decision of the Court of Military Review and direct that a rehearing may be ordered.

## APPENDIX

### "OFFICE OF THE STAFF JUDGE ADVOCATE

3d Marine Division (–) (Rein), FMF FPO San Francisco 96602

17/wrb/jeg
5800
8 Dec 1969

From: Robert L. ALLEN, Cpl, 214 69 34
To: Military Judge
Via: (1) defense Counsel
(2) Trial Counsel

Subj: Request for Trial Before Military Judge Alone

Ref: (a) Article 16, UCMJ

1. In accordance with reference (a), I have been informed that H. HOPPE, III, Lieutenant Colonel, U. S. Marine Corps is the military judge detailed to the court-martial to which the charge(s) and specification(s) pending against me have been referred for trial. After consulting with my defense counsel, I hereby request that the court be composed of the military judge alone. I make this request with full knowledge of my right to be tried by a court-martial composed of commissioned officers.

/s/ Robert L. Allen

FIRST ENDORSEMENT

8 December 1969
(DATE)

From: Defense Counsel
To: Military Judge
Via: Trial Counsel

1. Prior to the signing of the foregoing request, I fully advised the above accused of his right to trial before a court-martial composed of commissioned officers.

/s/ Edward J. Karfeld
Edward J. KARFELD, Captain

SECOND ENDORSEMENT

8 December 1969
(DATE)

From: Trial Counsel
To: Military Judge

1. Argument is (not) requested.

/s/ Thomas O. Lavoy
Thomas O. LAVOY, 2d Lieutenant

THIRD ENDORSEMENT

8 December 1969
(DATE)

From: Military Judge
To:

1. I approve (disapprove) the foregoing request for trial before me alone.

/s/ H. Hoppe, III
H. HOPPE, III, Lieutenant Colonel."