UNITED STATES, Appellee

v

FLOYD H. PERRY, JR., Private,
U. S. Marine Corps, Appellant

20 USCMA 183, 43 CMR 23

No. 23,139

December 4, 1970*

*Lieutenant Donald B. Brant, Jr.,* JAGC, USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever,* USMC, and *Commander Michael F. Fasanaro, Jr.,* JAGC, USN, were on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

The appellant here, and in the cases noted below, was defended by appointed counsel after being advised by a military judge of his right to be represented by civilian counsel or selected military counsel, if available. He was not told, however, that if either alternative was selected, appointed counsel could also be retained. Does this omission constitute reversible error? This Court had the same question on appeal in United States v Turner, 20 USCMA 167, 43 CMR 7 (1970), and held adversely to that appellant. Our decision in *Turner* is controlling here. Accordingly, we affirm the decision of the Court of Military Review.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

The requirement that the presiding officer inform the accused that, in the event he desires to be represented by counsel of his choice, either civilian or military, his appointed counsel could be retained as associate counsel is part of the rule of procedure mandated by this Court in United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969). Failure to strictly follow the procedure set forth in *Donohew*, which was based on Article 38(b), Uniform Code of Military Justice, 10 USC

---

* Also decided and affirmed this date on the same point were United States v Stephenson, No. 22,959; United States v Cannon, No. 22,984; United States v Blevins, No. 23,089; United States v Baum, No. 23,141; United States v Townsend, No. 23,147; United States v Hankins, No. 23,251; United States v Saunders, No. 23,257; United States v Hansen, No. 23,316. United States v Crane, No. 23,350; United States v Morris, No. 23,355; United States v Wainwright, No. 23,356; and United States v Stewart, No. 23,497.

§ 838,[1] was held to be reversible error in United States v Fortier, 19 USCMA 149, 41 CMR 149 (1969); United States v Scott, 19 USCMA 383, 41 CMR 383 (1970); United States v Carter, 20 USCMA 146, 42 CMR 338 (1970); United States v Bowman, 20 USCMA 119, 42 CMR 311 (1970); and United States v Goodin, 20 USCMA 160, 42 CMR 352 (1970).

In United States v Turner, 20 USCMA 167, 43 CMR 7 (1970), my brothers decided, as they note in their opinion in this case, that not *all* of the requirements of *Donohew* need be met, in spite of the fact that *Donohew* clearly stated:

". . . the record should contain the accused's personal response to direct questions incorporating *each* of the elements of Article 38(b), as well as his *understanding* of his en-titlement thereunder." [Emphasis supplied.] [*Id.*, at page 152.]

I dissented in *Turner* because I believed that the military judge's failure to follow the procedural requirement in *Donohew* was prejudicial error. As I stated in my separate opinion in *Turner*, at page 174:

". . . To hold, as do my brothers, that strict compliance with this procedure is not essential and is not error, is to disregard the importance of adherence to rules of procedure and *stare decisis*, and to fail to afford this accused equal justice under the law."

For the reasons set forth in my separate opinion in *Turner*, I dissent in this case as well as to the affirmance of the other cases decided this date on the same issue.

---

[1] "(b) The accused has the right to be represented in his defense before a general or special court-martial by civilian counsel if provided by him, or by military counsel of his own selection if reasonably available, or by the defense counsel detailed under section 827 of this title (article 27). Should the accused have counsel of his own selection, the defense counsel, and assistant defense counsel, if any, who were detailed, shall, if the accused so desires, act as his associate counsel; otherwise they shall be excused by the military judge or by the president of a court-martial without a military judge."