UNITED STATES, Appellee,

v.

Private First Class Ronald A. GRIFFIN, SSN 007–72–5999, United States Army, Appellant.

CM 445462.

U.S. Army Court of Military Review.

30 July 1984.

Lieutenant Colonel Arthur L. Hunt, JAGC, and Major Robert M. Ott, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, and Captain Thomas E. Booth, JAGC, were on the pleadings for appellee.

Before SUTER, McKAY and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

McKAY, Senior Judge:

Pursuant to his pleas, the appellant, Private First Class Griffin, was convicted by general court-martial, military judge alone, of conspiracy to commit larceny and larceny, violations of Articles 81 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. 881 and 921 (1976), respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for 18 months, forfeiture of all pay and allowances, and reduction to the grade of E–1. As required by the terms of the pretrial agreement, the convening authority approved only twelve months and one day of the adjudged confinement, but otherwise approved the sentence.

Private Griffin assigns a single error before this Court: That the military judge misadvised him regarding the fraction of court-members' votes necessary to decide his guilt or innocence, thereby rendering the waiver of his right to trial before members unknowing and uninformed. We believe that although the military judge's advice was potentially misleading, Griffin was not misled and suffered no prejudice therefrom.

During an Article 39(a), UCMJ, session, the military judge noted that he had received a Request for Trial Before Military Judge Alone. He advised Griffin of his statutory right to be tried by court members, Article 16, UCMJ, and stated that if he chose to be tried before court members, they would decide whether he was guilty or not guilty. The military judge further advised Private Griffin that "to make their decisions they would go into a room in private and vote on secret written ballot. And it would take a two-thirds majority for the court to decide." The military judge continued that in a trial before judge alone, there are no court members and the judge would perform the function of both judge and jury. He also inquired whether the trial defense counsel had discussed with him the different types of trials available, and the appellant responded that he had. The military judge then approved Griffin's request for trial by military judge alone.

We believe that the military judge's statement that "it would take a two-thirds majority for the court to decide" was ambiguous in that it could have been interpreted to mean that two-thirds of the court members would have to agree that Griffin was innocent before he could be acquitted. In this case, however, we find that, despite the ambiguity of the military judge's advice, the appellant's request for trial before military judge alone was understandingly made, and that the military judge assured himself of that fact as he is required to do. *United States v. Turner*, 20 U.S.C.M.A. 167, 43 C.M.R. 7 (1970). Because Private Griffin proceeded to trial after securing a pre-trial agreement with the convening authority, it is clear that he had decided to plead guilty at some point in time prior to his appearance before the military judge. His decision to plead guilty, therefore, was not influenced by the military judge's advice regarding the necessary number of votes to "decide" the case. Furthermore, the appellant had also submitted his written request to be tried by military judge before the military judge made the statement in question. In signing that request, the appellant's trial defense counsel certified that he had advised Griffin fully of his rights to be tried by court members. In light of these facts, we conclude that the appellant's decision to request trial by military judge alone was not influenced by any misapprehension on his part that two-thirds of the court members would have to agree

before he could be found not guilty, and that he suffered no prejudice from the military judge's ambiguous advice. *See United States v. McLaurin,* 9 M.J. 855 (A.F.C. M.R.1980), *pet. denied,* 10 M.J. 113 (C.M.A. 1980).

The findings of guilty and the sentence are affirmed.

Chief Judge SUTER and Judge WATKINS concur.