# UNITED STATES

v.

**John Glenn ROBERTS, 417 98 0880, Boatswain's Mate Seaman (E–3), U.S. Navy.**

**NMCM 85 0370.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 2 Nov. 1984.

Decided 31 May 1985.

LCDR Frederick N. Ottie, JAGC, USN, Appellate Defense Counsel.

LCDR Harold M. Shaw, JAGC, USN, Appellate Defense Counsel.

LT William C. Little, Jr., JAGC, USNR, Appellate Government Counsel.

Before GREGORY, Senior Judge, and MITCHELL and BARR, Judges.

PER CURIAM:

We have examined the record of trial, the assignments of error, and the Government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed.

The military judge correctly explained to the appellant his right to a choice of a detailed, civilian or individual military counsel but did not explain on the record the appellant's rights to counsel in the precise language used in Rule for Court-Martial 901(d)(4)(B). The appellant was represented at trial by a qualified lawyer by whom he specifically wanted to be defended.[1] He

---

1. Fed.R.Crim.P. 5(c). This rule, which is the model for R.C.M. 901(d)(4), requires the U.S. magistrate at the initial appearance, when defendants are often not represented by counsel, to advise the defendant of the rights to counsel and bail. *See,* C. Wright, *Federal Practice and Procedure: Criminal* § 78 n. 61 (1969). No civilian federal precedent can be found for reversing a conviction for failure of the magistrate to advise an accused of the right to counsel where

expressed a desire for no other particular counsel or class of counsel and was informed that if he chose to request individual, military counsel, his detailed defense counsel would "ordinarily" be excused. The appellant did not request further enlightenment at trial; does not now claim that he was not fully aware, in fact, of his counsel rights under R.C.M. 901(d)(4); does not now claim that he was misled, confused or given a false impression of his rights to counsel; and does not now claim that his choice of defense counsel would have been any different had the military judge explained the meaning of "ordinarily" in precise R.C.M. 901(d)(4) language.[2] We hold that the advice given was sufficient to cross the threshold of adequacy prescribed in *United States v. Donohew,* 18 U.S.C. M.A. 149, 39 C.M.R. 149 (1969), although omitting R.C.M. 901(d)(4)(B). We see no

risk of prejudice from the military judge's failure to parrot R.C.M. 901(d)(4)(B). *United States v. Jerasi,* 20 M.J. 719 (1985) (*En Banc*).

We find it unnecessary to decide whether four days of pretrial restriction were served under conditions equating those of confinement, since the appellant has served his sentence leaving this court no viable remedy should we find in his favor.

In view of the foregoing, the findings of guilty and sentence, as approved on review below, are affirmed.

---

that accused was, in fact, represented by counsel at the initial hearing other than where a potential conflict of interest was involved.

**2.** We commend to study the common sense view of Judge Darden regarding the absurdity of

concentrating on the precise wording of a military judge's advice to the exclusion of the plain import of an accused's responses. *United States v. Turner,* 20 U.S.C.M.A. 167, 170, 43 C.M.R. 7, 10 (1970).