UNITED STATES, Appellee

v.

RUSSELL L. WILLIAMS, Private First Class,
U. S. Army, Appellant

1 USCMA 186, 2 CMR 92

No. 133

Decided February 21, 1952

1ST LT. Thomas E. Cole, USA, for Appellant.

MAJ. Augustus A. Marchetti, USA, and 1ST LT. Eugene L. Grimm, USA, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused in this case was found guilty of desertion with the intent to remain absent permanently under Article of War 58, 10 USC § 1530. The absence charged occurred in Korea and extended from November 30, 1950, to March 25, 1951. The accused was sentenced to dishonorable discharge, total forfeitures and four years confinement. The conviction and the sentence were duly approved by the convening authority and affirmed by a board of review in the Office of the Judge Advocate General of the Army. Thereafter, the accused petitioned for grant of a review and the same was granted by the Court limited to the following issues:

(1) Whether Exhibit 2 (corrected morning report entry) was admissible and competent.

(2) Whether the evidence was sufficient to sustain the finding of guilty.

(3) Whether the instructions by the law officer on the elements of the offense charged were correct as a matter of law.

We turn first to the question of the admissibility and competence of the morning report exhibit. ■ The entry in question purports to be a correction of an earlier entry relating to the accused. The first entry was made under date of January 2, 1951, and listed the accused as missing in action as of November 30, 1950. Thereafter, on May 9, 1951, after the return of the accused to military jurisdiction, a correction was made, whereby the entry of January 2, 1951, was changed to AWOL as of November 30, 1950. Counsel for the appellant correctly contends that these entries are conflicting, but he also maintains that the entry of January 2, 1951, must be given more weight than the correcting entry of May 9, on the ground that it is obvious that the person making the first entry had more accurate knowledge of the true facts, considering the time element and other factors involved. This does not necessarily follow. The Regulations[1] require that a corrective entry be made, when it is determined that a previous entry is in error. Of course the two entries in the exhibit are conflicting, and obviously so. However, the provision for making corrected entries necessarily implies that such corrections will conflict, to a greater or lesser degree, with the entry corrected. It would also appear to be implicit in such a provision for correction that there will be some delay in making such a correction.

In connection with this exhibit counsel for the appellant further asserts that the particular entry was made solely to furnish evidence for prosecution. Even if correct, this does not make such an entry inadmissible.[2] Based on all the evidence in this case, we certainly are not prepared to hold that the making of the corrected entry of May 9, 1951, was unreasonable or unauthorized, or that it was not admissible in evidence. This should not be construed as blanket approval of delayed entries regardless of the circumstances or of the time factor involved.

We turn now to the question of the sufficiency of the evidence in this case. The period of unauthorized absence, 115 days, in a theater of combat operations, with no showing as to the manner of return or other pertinent factors, is claimed to be insufficient as a matter of law to show any intent to permanently abandon the service. Because of the uncertainty of the evidentiary situation arising from the instructions given by the law officer, we do not resolve that issue in this case.

The question of the correctness of the instructions by a law officer is a

---

[1] SR 345–400, par 56(a), 12 Oct. 1949.

[2] Manual for Courts-Martial, 1951, P 268.

novel one for the Court. The Uniform Code of Military Justice[3] requires the law officer of a general court-martial, and the president of a special court-martial, to instruct the court as to the elements of the offense charged; and on other matters not here material. We have previously held that failure to give any instructions in a case in which a plea of not guilty had been entered was prejudicial error requiring reversal.[4]

In the instant case the accused was charged with desertion under Article of War 58, supra, the allegation in substance being that he deserted the service of the United States on or about November 30, 1950, and did remain absent in such desertion until return to military control on or about March 25, 1951. According to the record the accused was assigned to company M, 9th Infantry Regiment located in the vicinity of Chung-Chon, Korea. This regiment was a unit of the Second Infantry Division, a combat unit, one of the infantry divisions involved in the Korean conflict. The specification in the case follows the form[5] for the type of desertion involving intent to remain permanently absent. It does not purport to allege desertion by unauthorized absence with intent to avoid hazardous duty, or to shirk important service under the definitions given in Article of War 28, 10 USC § 1499. The evidence presented by the prosecution to prove the offense charged was that indicating the period of absence. At the close of the case the law officer instructed the court on the elements of the offense, and stated that the elements of the offense known as desertion were the absence and the remaining absent as alleged; and that the accused " . . . intended, at the time of absenting himself or at some time during his absence, to remain away permanently from such place, or to avoid hazardous duty, or to shirk important service as alleged; . . ." Obviously such instruction was error. There was no claim at any time, either before, during, or after trial, that the accused was absent for the purpose of shirking important service, or avoiding hazardous duty.

It is likely that this Court would take judicial notice that all duty in a theater of operations, if not actually hazardous, would certainly involve important service. Therefore the instructions in this case, to the effect that the accused could be convicted if the court found any one of three alternative types of desertion, were to his substantial prejudice. The Government argues that by adding the words "as alleged" immediately after the three types of desertion, that the law officer narrowed the issue to the particular type actually involved herein. This begs the question. The obligation of the law officer under Article 51(c), supra, was to instruct the court as to the elements of the particular offense charged, not to advise the court as to alternative standards sufficient for conviction. At the very least the instruction given on a matter affecting the substantial rights of the accused was ambiguous. We can not speculate as to whether the court interpreted the law officer's instruction rightly or wrongly. When a substantial right is denied we will not speculate as to the extent of the damage done.[6] We note the services have repeatedly ruled that it is reversible error to charge one type of desertion and permit the court to find guilt of a different type involving another intent.[7]

We note that no objection was made to the instruction by defense counsel at the time of trial. We have held in an earlier decision[8] that it is the duty

[3] Article 51(c), 50 USC § 626.
[4] United States v. Clay, (No. 49), 1 USCMA 74, 1 CMR 74.
[5] Form 6, p 314, Manual for Courts-Martial, 1949.
[6] See Kotteakos v. United States, 328 US 750, 90 L ed 1557, 66 S Ct 1239; Little v. United States, 73 F2d 861, 866.
[7] United States v. Butler, 14 BR 179, 181; United States v. Morel, 41 BR 61; United States v. Hodge, 43 BR 41, 47; United States v. Kallenberger, 4 BR–JC 441, 443; United States v. Walling, CM 346912, 1 CMR 145; United States v. Hockensmith, CM 346603, 1 CMR 198; United States v. Elliott, CM 346845, 1 CMR 310; United States v. O'Connor, 1 CMR 436, 439.
[8] United States v. Masusock, (No. 15), 1 USCMA 32, 1 CMR 32.

of counsel to duly make and preserve objections at the time of trial. In this connection attention is directed to the language of Rule 30 of the Federal Rules of Criminal Procedure, Title 18, USCA, which specifically requires that a party may not assign any error as to instructions or lack thereof, unless he makes timely objection. This rule is somewhat qualified by the provision of Rule 52 which permits a federal court to notice plain errors or defects affecting substantial rights, even though not brought to the attention of the court. It has also been held by the United States Supreme Court[9] that it is the fundamental obligation of the trial court to advise a jury as to the essential ingredients of the offense whether or not exception is taken. By the same token the obligation of the law officer under the particular article is an explicit statutory admonition which he cannot properly disregard whether defense counsel does or does not object. But where a law officer fails to instruct properly without objection by defense counsel such counsel may well be proceeding at his peril in view of the further statutory provision[10] that a find-

ing or sentence of a court-martial shall not be held incorrect on the ground of an error of law unless the error materially affects the substantial rights of the accused. It is entirely conceivable that the instructions of a law officer in a particular case may not be entirely correct, but at the same time the showing of record may be such, that regardless of the error, there could be no substantial prejudice to the accused. For that reason we cannot emphasize too strongly the necessity of objection at the proper time. This should be done, not only to properly protect the rights of the accused, but also to provide ample opportunity to correct error and to avoid delay inherent in retrial or other subsequent proceeding.

The instructions of the law officer in this case were erroneous in fact and in law. In view of the Korean background of the offense alleged and the peculiar circumstances of this case we are required to hold that the error materially affected the substantial rights of the accused. The decision of the board of review in this case is reversed and the record of trial is returned for a rehearing under the provisions of Article 67(f) of the Uniform Code of Military Justice, 50 USC § 654.

Judges LATIMER and BROSMAN concur.

[9] Screws v. United States, 325 US 91, 107, 89 L ed 1495, 1505, 65 S Ct 1031.

[10] Article 59(a), Uniform Code of Military Justice, 50 USC § 646.