UNITED STATES, Appellee

v.

JACK G. JOHNSON, Private First Class, U. S. Army, Appellant

1 USCMA 536, 4 CMR 128

No. 498

Decided August 7, 1952

LT. COL. Stewart H. Legendre, USA, for Appellant.

LT. COL. Thayer Chapman, USA, and 1ST LT. Richard L. Brown, USA, for Appellee.

### Opinion of the Court

PAUL W. BROSMAN, Judge:

Appellant stands convicted of desertion, in violation of Article of War 58, 10 USC § 1530. He pleaded guilty to the lesser included offense of absence without leave, in violation of Article of War 61, 10 USC § 1533. The findings of guilty and the sentence to dishonorable discharge, total forfeitures, and confinement at hard labor for 10 years,

have been approved by the convening authority, and affirmed by a board of review in the office of The Judge Advocate General, United States Army.

The specification under which appellant was tried alleged that he did "desert the service of the United States, and did remain absent in desertion until he surrendered himself . . . ." In his instructions to the court, the law officer included three possible types of intent which might be found to support the charge, namely: intent to remain away permanently, intent to avoid hazardous duty, and intent to shirk important service. The charge to the court-martial was clear error, United States v. Williams (No. 133), 1 USCMA 186, 2 CMR 92 decided February 21, 1952; United States v. Hemp (No. 290), 1 USCMA 280, 3 CMR 14, decided April 8, 1952; United States v. Jenkins (No. 238), 1 USCMA 329, 3 CMR 63, decided April 21, 1952; United States v. Moynihan (No. 278), 1 USCMA 333, 3 CMR 67, decided April 21, 1952; United States v. Boone (No. 320), 1 USCMA 381, 3 CMR 115, decided May 9, 1952.

We granted appellant's petition for review limited to the question of whether he was prejudiced by that error. The problem then is to determine whether this case falls within the ambit of Williams and Hemp, in which we held such error to be prejudicial, or whether it more nearly resembles Jenkins, Moynihan, and Boone, where we were unable to find prejudice.

The touchstone for resolution of the question, as developed by us in these earlier cases, is whether the facts, as brought out at the trial, point so clearly to only one type of intent that it is not possible to believe that the court could have premised its findings of guilt on any type other than that charged.

Here the appellant had been evacuated to the Pusan, Korea, area for treatment of a wounded hand. From all indications he was to be returned to the front. He absented himself without authority, and remained away for approximately seven and one-half months, when he surrendered voluntarily. During that time he remained in the immediate Pusan area. He frequented a Red Cross Club and an Army movie theater. He did not discard his uniform, and made no apparent attempt to conceal his identity. He lived at or with a replacement battalion in the Pusan assembly area and at several Korean homes. He drew one small partial pay; otherwise his source of funds appears to have been ·card game winnings from Koreans. According to his testimony, he went on this "frolic of his own" because he had fallen in with bad company, and because he wanted to have a "good time" before returning to the front. He denied an intention to desert, saying that he knew he was doing wrong, but that time "just kept on going."

During their closing arguments both prosecution and defense made it reasonably clear that the issue of intent between them was whether appellant intended to remain away permanently. However, whatever may have been the issue between counsel, the fact remains that, in his instructions to the court following arguments of counsel, the law officer explicitly—and twice—included the elements of intent to avoid hazardous duty and intent to shirk important service.

We cannot say with any possible degree of certainty that the court may not have concluded that appellant did not intend to remain away permanently, but that he did intend either to avoid hazardous duty or to shirk important service, with desertion based on neither of which he had been charged. We believe that the evidence here, as briefly developed above, might well sustain a conclusion that appellant had intended to avoid hazardous duty or to shirk important service. The case, therefore, is within the category of Williams and Hemp. There is, at the very least, a fair risk that appellant was prejudiced by the law officer's multiple charge on intent.

The decision of the board of review is reversed, and the record is returned to The Judge Advocate General, United States Army, for rehearing or other

**537**

action not inconsistent with this opinion.

Chief Judge QUINN concurs.

Under a recently enacted rule of this Court a judge who is not present at oral arguments of the case is not permitted to participate in the decision. Judge Latimer was in the hospital at the time of argument and his views are therefore not expressed.