UNITED STATES, Appellee

v.

HEARL MUNGO, Private First Class, U. S. Army, Appellant

3 USCMA 18, 11 CMR 18

No. 1290

Decided July 3, 1953

LT COL James C. Hamilton, U. S. Army, for Appellant.

LT COL Thayer Chapman, U. S. Army, and CAPT Irvin M. Kent, U. S. Army, for Appellee.

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was tried by a general court-martial at Yokohama, Japan, for the crime of premeditated murder of a fellow soldier.[1] Upon his conviction thereof, he was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for life. Intermediate reviewing authorities of the Army have approved and affirmed the findings and sentence. We granted the accused's petition for review to test the

1. Article 118, Uniform Code of Military Justice, 50 USC § 712.

validity of certain of the law officer's instructions.

On the night of December 29, 1951, the accused, having consumed a quantity of liquor, became involved in an argument with the victim. As might be expected under the circumstances, much of the language used was uncomplimentary and calculated to offend the sensibilities of the individual addressed. It had such an effect upon the accused, and fisticuffs ensued. When the parties were separated, the victim returned to his barracks and retired for the night. Shortly thereafter, the accused procured a carbine, and advanced upon the victim stating, "I told you I would get you." He then fired one shot, killing the victim. Testifying in his own behalf the accused described the events of the evening in question, stating he had sought out the victim after the argument to learn why he had been set upon, and asserting he had procured the carbine merely to ward off the victim should it be necessary. When the victim saw him, he straightened up in bed, with a knife in his hand. This caused the accused to move away. In so doing, the gun was discharged.

The first error assigned relates to the instruction of the law officer upon the essential elements of the offense of premeditated murder. In this particular the law officer's instructions were as follows:

"a. That the victim named is dead;
"b. That his death resulted from the act or omission of the accused, as alleged; and
"c. Facts and circumstances showing that the accused had a premeditated design to kill, or intended to kill or inflict great bodily harm."

In United States v. Mitchell (No. 904), 2 USCMA 200, 7 CMR 77, decided February 13, 1953, we were concerned with identical instructions under identical circumstances. There we said:

". . . The instructions of the law officer permitted the court to find the accused guilty of the greater crime of premeditated murder upon the standard of proof required for the lesser offense of unpremeditated murder. . . ."

This error alone is sufficiently serious to require reversal. "We can not speculate as to whether the court interpreted the law officer's instruction rightly or wrongly. When a substantial right is denied, we will not speculate as to the extent of the damage done." United States v. Russell L. Williams (No. 133), 1 USCMA 186, 2 CMR 92, decided February 21, 1952. Moreover, in this case mere speculation as to the extent of damage is unnecessary. Since there was, in the record, considerable proof of intoxication which would militate against a finding of premeditation, the use of alternative instructions constituted prejudicial error. United States v. Mitchell, supra.

The remaining assignments of error relate solely to the accused's capacity to premeditate. In view of our conclusion, further discussion of the additional assignments is unnecessary.

The evidence of record adequately established the offense of unpremeditated murder, the essential elements of which were submitted to the court in the law officer's instructions.

Accordingly, only so much of the finding as includes a finding of guilty of unpremeditated murder is affirmed. The case is remanded to The Judge Advocate General of the Army for referral to a board of review for reconsideration of the sentence.

Judge LATIMER concurs.

BROSMAN, Judge (concurring):
I concur fully in the opinion and disposition of the majority. This memorandum is added for the sole purpose of distinguishing the present case from others in which I have felt that the testimony of an accused person operated to raise issues of lesser offenses or of excusable or justifiable homicide. Here I need go no further than to say that in my view the record requires that the accused's story be regarded as improbable inherently. Not only is it contravened by much compelling evidence, including the explicit testimony of numerous eye-witnesses, but by the physical

facts as well. We have here, I think, an even stronger case against the necessity for instruction on such issues than was present in United States v. Benavides (No. 876), 2 USCMA 226, 8 CMR 26, decided February 20, 1953, in which a full Court affirmed in their absence.

Certainly, too, no evidence raises any sort of legal basis for demanding an instruction on voluntary manslaughter.

Additionally—and conceding intoxication—we have recently held that voluntary drunkenness, in and of itself, will not serve to reduce premeditated murder, in violation of the Uniform Code, Article 118, below the level of the unpremeditated offense. United States v. Craig (No. 1249), 2 USCMA —, 10 CMR —, decided June 24, 1953. See also United States v. Roman (No. 191), 1 USCMA 244, 2 CMR 150, decided March 19, 1952.