UNITED STATES, Appellant

v

HARRY L. FALLS, Private, U. S. Marine Corps, Appellee

20 USCMA 618, 44 CMR 48

No. 23,896

June 22, 1971

*Lieutenant James R. Lamb,* JAGC, USNR, argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel Charles J. Keever,* USMC.

*Lieutenant David C. Sellergren,* JAGC, USNR, argued the cause for Appellee, Accused.

QUINN, Chief Judge:

A panel of the United States Navy Court of Military Review determined that the advice given the accused at trial by the military judge regarding the right to counsel was "confusing, misleading, and erroneous." As a result, it set aside his conviction for forcible sodomy, in violation of Article 125, Uniform Code of Military Justice, 10 USC § 925. Pursuant to Article 67(b)(2), Code, supra, 10 USC § 867, the Judge Advocate General of the Navy forwarded the record of trial to this Court to consider whether the Court of Military Review "was correct in its determination."

All the references to counsel in the discussion between the judge and the accused are set out in the Appendix to this opinion. Mention need be made here only of the following excerpt:

"[MILITARY JUDGE]: You see now, there are three rights there. Mr. Grogan has been appointed by the Admiral to defend you. You must be aware of all three of those rights, and if you proceed with Mr. Grogan, you in effect waive the other two. Understanding this, do you desire to be represented by civilian counsel, remembering if you do, you have to pay for him yourself?

"THE ACCUSED: No, sir.

"MILITARY JUDGE: Therefore, if you waive that right, it is gone, do you understand?

"THE ACCUSED: Yes, sir.

"MILITARY JUDGE: Do you desire to be represented by a particular individual in the armed services?

"THE ACCUSED: No, sir.

"MILITARY JUDGE: You are satisfied to proceed with Mr. Grogan as your defense counsel, is that it?

"THE ACCUSED: Yes, sir.

"MILITARY JUDGE: You fully understand those rights?

"THE ACCUSED: Yes, sir.

"MILITARY JUDGE: Further, if you desire to, you could have a civilian counsel here and Mr. Grogan could serve as his assistant, or if you wanted to pay a civilian lawyer to come in here and work as Mr. Grogan's assistant, you are entitled to that. If you do, say something about that right now. Do you understand?

"THE ACCUSED: Yes, sir."

Article 38(b), Code, supra, 10 USC § 838, prescribes an accused's right to counsel. The first sentence of the Article suggests the right is an alternative one, that is, that the accused can be represented "by civilian counsel if provided by him, or by military counsel of his own selection if reasonably available, or by the defense counsel detailed" to the court-martial by the convening authority. (Emphasis supplied.) The second sentence makes clear, however, that "if the accused so desires" he can have both personally selected counsel and appointed counsel. See United States v Tellier, 13 USCMA 323, 327, 32 CMR 323 (1962); United States v Massey, 14 USCMA 486, 491, 43 CMR 266 (1964), dissenting opinion by Judge Ferguson. We agree, therefore, with the Court of Military Review that the accused does not waive the right to individually selected counsel if he chooses to retain appointed counsel. Consequently, the military judge's comment that the accused would "in effect waive" the right to personally selected counsel if he desired to "proceed with" appointed counsel is misleading.

One trained in the law could, as the Government contends, understand the remark to mean that knowing the choices as to counsel but going ahead with the trial with only appointed counsel would constitute waiver of the right to individually selected counsel as part of a team of defense counsel. We are not willing, however, to attribute that kind of understanding to one lacking legal expertise. Even if not erroneous, this part of the advice was, in

the language of the Court of Military Review, "confusing" and "misleading." However, there is another part to the advice. The remainder of the advice clearly and directly indicates that the accused was fully informed of, and understood, the right to individually selected counsel, civilian and military, in addition to, or instead of, the appointed defense counsel.

Appellate defense counsel contend that, as the first part of the judge's advice was misleading, we cannot be sure that the second part was sufficient to inform the accused of his rights, in the absence of express correction of the initial remarks by the judge. They compare the situation with that in which instructions to court members combine both erroneous advice and correct advice as to the same issue. See United States v Noe, 7 USCMA 408, 22 CMR 198 (1956), and United States v Williams, 1 USCMA 186, 2 CMR 92 (1952). The comparison is inapposite. In the instructional situation, the record of trial cannot disclose the court members' understanding of the conflicting instructions because their discussion and deliberations are secret; here, the record contains the accused's responses to, and therefore his understanding of, the enumeration of the details of his right to counsel. We do know that he expressly declared he did not want civilian counsel, did not want individual military counsel, and desired to proceed only with appointed defense counsel.

In United States v Turner, 20 USCMA 167, 168–169, 170, 43 CMR 7 (1970), we held that, when the record of trial demonstrates the accused understood he had the right to retain civilian counsel and to request individual military counsel but he did not desire personally selected counsel, it is a "near absurdity" to conclude he did not understand his right to counsel, as provided in Article 38(b), because he was not advised that if he desired to be represented by specially selected counsel he was also entitled to retain appointed counsel. It would be similarly absurd to conclude from the record be-

**620**

fore us that the appellee did not understand the full extent of his right to counsel. He acknowledged his understanding that he had a right to retain personally selected counsel and that if he had such counsel, the appointed defense counsel "could serve as his assistant" or vice versa. But, he specifically disclaimed a desire for either civilian counsel or "particular individual" military counsel. Finally, he asserted he was "satisfied to proceed" with appointed defense counsel. Conceding that the judge's initial comment on the right to counsel as an alternative right was misleading, the subsequent colloquy between the judge and the accused compels the conclusion that the accused was fully informed of, and knew and understood, the full limits of the right to counsel under Article 38(b).

We answer the certified question in the negative. The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General for submission to the Court of Military Review for further proceedings consistent with this opinion.

## APPENDIX

"[MILITARY JUDGE]: During the course of a criminal trial, you have many, many rights. Only some of these rights, however, can you take advantage of, because if you take advantage of one, you in effect waive several others. We're going to have to talk about your rights here for a minute. By the word 'waive' we mean to set aside or not use it. A good example of your rights is the right to counsel. You have a right in a general court-martial to be defended by a civilian attorney of your own choice providing you pay the expenses that this lawyer would charge. You also have a right to be represented by individually requested counsel, military counsel, providing he is made available to defend you; that is, the right to request someone by name within the armed forces. You also have a right to have, in the event you don't exercise one of those two rights I just mentioned, to have

the convening authority—that is, the Admiral—appoint someone for you to defend you at no cost to you.

"You see now, there are three rights there. Mr. Grogan has been appointed by the Admiral to defend you. You must be aware of all three of those rights, and if you proceed with Mr. Grogan, you in effect waive the other two. Understanding this, do you desire to be represented by civilian counsel, remembering if you do, you have to pay for him yourself?

"THE ACCUSED: No, sir.

"MILITARY JUDGE: Therefore, if you waive that right, it is gone, do you understand?

"THE ACCUSED: Yes, sir.

"MILITARY JUDGE: Do you desire to be represented by a particular individual in the armed services?

"THE ACCUSED: No, sir.

"MILITARY JUDGE: You are satisfied to proceed with Mr. Grogan as your defense counsel, is that it?

"THE ACCUSED: Yes, sir.

"MILITARY JUDGE: You fully understand those rights?

"THE ACCUSED: Yes, sir.

"MILITARY JUDGE: Further, if you desire to, you could have a civilian counsel here and Mr. Grogan could serve as his assistant, or if you wanted to pay a civilian lawyer to come in here and work as Mr. Grogan's assistant, you are entitled to that. If you do, say something about that right now. Do you understand?

"THE ACCUSED: Yes, sir.

"MILITARY JUDGE: By whom will the accused be defended?

"DEFENSE COUNSEL: The accused will be defended by Lieutenant Thomas F. Grogan, Judge Advocate General's Corps, U. S. Naval Reserve."

JUDGE DARDEN concurs.

FERGUSON, Senior Judge (dissenting):

I dissent.

In United States v Donohew, 18 USCMA 149, 152, 39 CMR 149 (1969), this Court unanimously placed upon the military judge the responsibility of getting, on the record, "the accused's personal response to direct questions incorporating each of the elements of Article 38(b),[1] as well as *his understanding of his entitlement thereunder*." (Emphasis supplied.) In the case at bar, the Court of Military Review, finding that the military judge's advice to this accused with regard to his right to counsel under Article 38 (b) was "confusing, misleading, and [prejudicially] erroneous," set aside the findings and sentence and directed that a rehearing may be ordered. In reply to the certified question of the Judge Advocate General, which asks whether the Court of Military Review was correct,[2] my brothers hold that it is

---

[1] "(b) The accused has the right to be represented in his defense before a general or special court-martial by civilian counsel if provided by him, or by military counsel of his own selection if reasonably available, or by the defense counsel detailed under section 827 of this title (article 27). Should the accused have counsel of his own selection, the defense counsel, and assistant defense counsel, if any, who were detailed, shall, if the accused so' desires, act as his associate counsel; otherwise they shall be excused by the military judge or by the president of a court-martial without a military judge."
Article 27, Uniform Code of Military Justice, 10 USC § 827, describes the qualifications for counsel authorized in general or special courts-martial.

[2] The holding of the Court of Military Review was based on its prior opinion in *"United States v Wyman*, No. 70 1847 (NCMR 7 Aug 1970)" where it had "considered and condemned as prejudicially erroneous similar advice given by the military judge." *Wyman,* which was published five months before the opinion in this case, was never certified to this Court. A copy of the *Wyman* opinion was attached to the brief of appellate defense counsel.
Inasmuch as both *Wyman* and the case at bar were decided prior to United States v Chilcote, 20 USCMA 283, 43 CMR 123 (1971), it can be assumed

"absurd to conclude from the record before us that the appellee did not understand the full extent of his right to counsel," citing United States v Turner, 20 USCMA 167, 43 CMR 7 (1970). I dissented in *Turner,* and do so here for the reasons set forth in my separate opinion in that case.

The advice of the military judge to the accused and his replies thereto are set forth partially in the body and fully in the Appendix to the majority opinion and need not be restated. Suffice to say, I agree with the Court of Military Review that the advice was "confusing, misleading, and erroneous." Can any other interpretation be placed upon the misadvice to the accused that in the event he decided to proceed with the lawyer appointed by the Admiral to defend him, he waived his right to be defended by personally selected civilian or military counsel? The advice was patently erroneous. Article 38(b), Code, supra.

The accused's replies (simply "Yes, sir" or "No, sir") to the subsequent questions by the military judge must be evaluated not in a vacuum but as having been given with the erroneous advice as the initial basis for the accused's knowledge and understanding of his right to counsel. When the correct advice was subsequently given it was obviously contrary to the originally stated misadvice, yet the accused in no way indicated that he understood or appreciated the paradox. Under such circumstances, I do not believe that it can be said, as do my brothers, that "the subsequent colloquy between the judge and the accused compels the conclusion that the accused was fully informed of, and knew and understood, the full limits of the right to counsel under Article 38(b)." Logic argues to the contrary.

In United States v Noe, 7 USCMA 408, 22 CMR 198 (1956), this Court unanimously wrote:

". . . The law is well settled that the 'instruction as a whole' test is inapplicable where the court has been instructed both rightly and wrongly on a material issue. The correct instruction does not cancel out the prejudicial taint of the erroneous one. If two instructions are in direct conflict and one is clearly prejudicial the rule of the correct instruction as a whole does not apply. . . .

"This Court will not speculate as to the possible interpretation of an erroneous instruction. Chief Judge Quinn, for the Court, in United States v Williams, 1 USCMA 186, 2 CMR 92 [1952], announced:

'. . . We can not speculate as to whether the court interpreted the law officer's instruction rightly or wrongly. When a substantial right is denied we will not speculate as to the extent of the damage done.'" [*Ibid.*, at pages 410, 411.]

My brothers contend that *Noe,* supra, and United States v Williams, 1 USCMA 186, 2 CMR 92 (1952), are inapposite since the record of trial cannot disclose the court members' understanding of conflicting instructions because their deliberations and discussions are secret, while here the accused's replies are a matter of record. Indeed his replies are on the record and his answers, when considered in conjunction with the erroneous advice, make his understanding as secret as the deliberations of the members of the court. The *substantial right* involved in the matter under consideration cannot be denied. United States v Donohew, supra.

But even were I to hold otherwise, I believe that affirmance of the finding of the Court of Military Review is required. The members of the court determined that the advice of the military judge was "confusing, misleading, and erroneous." This is a finding of fact and as Judge Darden, for a unanimous Court in United States v Phifer, 18 USCMA 508, 510, 40 CMR 220 (1969), wrote:

that the holding was concurred in by at least the majority of the *en banc* members of the Court of Military Review.

". . . Under these circumstances:

'. . . (W)e are bound by purely factual determinations of the board of review (United States v Judd, 10 USCMA 113, 27 CMR 187 [1959]; United States v Remele, 13 USCMA 617, 33 CMR 149 [1963]), *unless such conclusions are arbitrary and capricious, so as to amount to an abuse of discretion* (United States v Wheatley, 10 USCMA 537, 28 CMR 103 [1959]). . . .' United States v Baldwin, 17 USCMA 72, 77, 37 CMR 336 [1967].) (Emphasis supplied.)"

Since I do not find the Court of Military Review's conclusions in this case to be *arbitrary and capricious,* I believe we are bound thereby. United States v Phifer, supra.

I would answer the certified question in the affirmative.