UNITED STATES, Appellee

v

ROY T. BARNES, Jr., Airman,
U. S. Air Force, Appellant

21 USCMA 169, 44 CMR 223

No. 24,310

January 28, 1972

*Captain Robert L. Bridge* argued the cause for Appellant, Accused. With him on the brief were *Colonel Bertram Jacobson* and *Lieutenant Colonel Norman L. Paul.*

*Captain Fred W. Kuhn* argued the cause for Appellee, United States. With him on the brief were *Colonel James M. Bumgarner* and *Colonel Henry R. Lockington.*

## Opinion of the Court

DARDEN, Chief Judge:

After the appellant's plea of guilty, a special court-martial convicted him of larceny. The question before this Court is whether the procedure employed in the case satisfied the requirement of United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969), that the military judge obtain direct responses from an accused concerning his awareness of his right to counsel under Article 38(b), Uniform Code of Military Justice, 10 USC § 838.[1]

The inquiry under review began with a question by the military judge to defense counsel that brought out that counsel had informed Barnes of his options as to counsel. In reply

---

[1] "The accused has the right to be represented in his defense before a general or special court-martial by civilian counsel if provided by him, or by military counsel of his own selection if reasonably available, or by the defense counsel detailed under section 827 of this title (article 27). Should the accused have counsel of his own selection, the defense counsel, and assistant defense counsel, if any, who were detailed, shall, if the accused so desires, act as his associate counsel; otherwise they shall be excused by the military judge or by the president of a court-martial without a military judge." Article 38(b), Uniform Code of Military Justice, 10 USC § 838.

to specific inquiries the appellant then informed the military judge that he understood his right to retain civilian counsel at his own expense, that he had not selected or requested civilian counsel, and that he would be defended by Captain Kansala, the appointed military counsel. Here the inquiry ended and trial proceeded to its conclusion.

Several weeks later, however, a proceeding in revision was conducted to "clarify the record concerning the accused's personal response to questions concerning each of the elements of Article 38(b) of the Uniform Code of Military Justice, as well as his understanding of his entitlement thereunder." Responding again to specific questions of the military judge, Barnes this time stated that he understood his right at trial to select military counsel of his own choice and to have appointed counsel available had he chosen civilian counsel or selected military counsel. Together these two exchanges satisfactorily compose the record *Donohew* anticipated.

On the same question now before us, the Court of Military Review ruled against the appellant. That Court held that the subsequent proceeding was nothing more than a continuation of the original trial, rather than a revision, since the court-martial was not reconvened for the purpose of "revising its action or correcting its record." Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 80*a*.

Opposing this approach, appellate defense counsel describe the reopening of court as a revision proceeding but argue that the error in question is not remediable by this process because Barnes must have been accorded his right to counsel no later than at the beginning of the trial or else *Donohew* is without "efficacy and utility".

With prohibitions against reconsidering a finding of not guilty or increasing the severity of the sentence that are not pertinent here, Article 62(b), Uniform Code of Military Justice, 10 USC § 862, provides:

"Where there is an apparent error or omission in the record or where the record shows improper or inconsistent action by a court-martial with respect to a finding or sentence which can be rectified without material prejudice to the substantial rights of the accused, the convening authority may return the record to the court for appropriate action."

In elaboration, the Manual, supra, provides that the court may be reconvened on its own motion or by the convening authority, that the proceeding in revision may occur if the court has not been dissolved, and that the military judge, the accused, and counsel for both sides must be present during open sessions. Paragraph 80*b* and *c*, Manual, supra. The types of error or omission contemplated are not those arising out of an improperly recorded record of trial; these errors are cured by a certificate of correction. Paragraph 86*c*, Manual, supra. The omission or inconsistent action that may be the subject of a proceeding in revision must be one that can be rectified without material prejudice to the substantial rights of the accused, however.

In United States v Hollis, 11 USCMA 235, 29 CMR 51 (1960), this Court held that a revision proceeding could properly be used to alter the record so as to reflect the sentence the court intended to be announced. In United States v Carpenter, 15 USCMA 526, 36 CMR 24 (1965), a convening authority instructed the court to redetermine a sentence without considering an improperly admitted prior conviction. This Court approved that action. The omission from the record that this revision proceeding supplied was similar in purpose since it, too, was entirely corrective.

The limitations in Article 62, Code, supra, assure that an accused will not be twice put in jeopardy for the same offense. (Department of the Army Pamphlet 27–175–1, Military Justice,

Review of Courts-Martial, June 1962, page 25.) The restriction in paragraph 80c, Manual, supra, that "a case will not be reopened by the calling or recalling of witnesses" applies to the introduction of evidence on the merits (see Winthrop's Military Law and Precedents, 2d Ed, 1920 Reprint, page 456, and Department of the Army Pamphlet, supra, at page 27). This provision therefore does not preclude the questioning of the appellant in the circumstances this record discloses.

Was the proceeding prejudicial in violation of Article 62(b)? Obviously not. Barnes acknowledged that he desired Captain Kansala, appointed military counsel, to defend him. That he accepted Captain Kansala with knowledge of all the Article 38(b) alternatives is established by the record of the second proceeding. Normal compliance with *Donohew* has the same objective.[2] If during the revision proceeding Barnes had indicated he would have chosen different counsel had he been fully informed at the beginning of trial, apparently he would have been granted a rehearing. Essentially then, what occurred here complies with *Donohew* and was the proper subject of a proceeding in revision authorized by Article 62(b), Uniform Code of Military Justice, 10 USC § 862. The decision of the Court of Military Review is affirmed.

Judges QUINN and DUNCAN concur.

---

[2] *Compare* United States v Falls, 20 USCMA 618, 44 CMR 48 (1971), *with* United States v Turner, 20 USCMA 167, 43 CMR 7 (1970).