UNITED STATES, Appellee

v

JOSE L. ROMAN, Airman First Class,
U. S. Air Force, Appellant

22 USCMA 78, 46 CMR 78

*Captain Philip F. O'Neill* argued the cause for Appellant, Accused. With him on the brief were *Colonel George M. Wilson* and *Captain Stephen J. Powell.*

*Major Stark O. Sanders, Jr.,* argued the cause for Appellee, United States. With him on the brief was *Colonel C. F. Bennett.*

## Opinion of the Court

DARDEN, Chief Judge:

We granted review of this case on the issues whether the military judge was empowered to convene proceedings in revision; whether the sentence instructions were prejudicially erroneous; and whether the sentence was illegally increased in the revision proceedings.

On October 26, 1971, accused was brought to trial before a general court-martial and pleaded guilty to charges of absence without leave and missing movement. The pleas were duly accepted, and the military judge entered findings of guilty. A military jury sentenced him to dishonorable discharge, confinement at hard labor for 6 months, and "to forfeit two-thirds of all pay and allowances." Before announcement of the sentence, the military judge examined the court's worksheet and made no comment.

On November 9, 1971, the court reassembled, together with accused and counsel, at the direction of the judge. He announced that, when reading the record of trial to authenticate it, he discovered that he had omitted a por-

tion of the presentencing instructions concerning voting procedure and that "the sentence, as it relates to forfeitures is ambiguous."

The judge then determined from the court members that they had in fact followed the proper voting procedure despite the lack of instructions and that, by their sentence, they intended to adjudge a forfeiture of two-thirds of accused's pay and allowances per month for 6 months.

Over objection by defense counsel, who unsuccessfully moved for a rehearing on sentence before another court-martial, the judge fully instructed the court on matters pertaining to sentence. At his direction, the court once more considered punishment and sentenced the accused to dishonorable discharge, confinement at hard labor for 6 months, and forfeiture of $95 per month for 6 months.[1]

I

Article 62, Uniform Code of Military Justice, 10 USC § 862, provides:

"(b) When there is an apparent error or omission in the record or

---

[1] The military judge properly excluded the forfeiture of allowances in computing the possible punishment, since the accused had not, on the first occasion, been sentenced to total forfeitures. See Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 126*h*(2). On further review, the Court of Military Review mitigated the dishonorable discharge to a bad-conduct discharge but otherwise approved the sentence. On March 23, 1972, the unexecuted portions of accused's sentence were suspended, with provision for automatic remission on September 22, 1972.

where the record shows improper or inconsistent action by a court-martial with respect to a finding or sentence which can be rectified without material prejudice to the substantial rights of the accused, *the convening authority may return the record to the court for appropriate action."* [Emphasis supplied.]

The Manual for Courts-Martial, United States, 1969 (Revised edition), also provides for similar action by the convening authority, noting that:

". . . In such a case, the record is ordinarily transmitted to the trial counsel . . . by a written communication pointing out the apparent defect in the record *and directing the reconvening of the court for the purpose of reconsideration and revision of its proceedings."* [Manual, supra, paragraph 86d.] [Emphasis supplied.]

The Government does not dispute that the provisions of Article 62 and the Manual authorize the convening authority to direct proceedings in revision but contends that the statute is not the exclusive basis for reconvening a court-martial to undertake corrective action; the Manual also provides that the court may be reconvened on its own motion, Manual, supra, paragraphs 80b and c, Appendix 8d.

This Court noticed this additional authority in United States v Barnes, 21 USCMA 169, 170, 44 CMR 223 (1972). After considering the direction of revision proceedings under Article 62, supra, we commented:

"In elaboration, the Manual, supra, provides that the Court may be reconvened on its own motion or by the convening authority, that the proceeding in revision may occur if the court has not been dissolved, and that the military judge, the accused, and counsel for both sides must be present during open sessions. Paragraph 80b and c, Manual, supra. The types of error or omission contemplated are not those arising out of an improperly recorded record of trial; these errors are cured by a certificate of correction. Paragraph 86c, Manual, supra. The omission or inconsistent action that may be the subject of a proceeding in revision must be one that can be rectified without material prejudice to the substantial rights of the accused, however."

While, as appellate defense counsel point out, specific provision for revision proceedings on the court's own motion was made for the first time in the Manual for Courts-Martial, United States, 1951, the practice long antedates that volume. Winthrop noted that, until the court transmits its proceedings to the reviewing authority for his action, it "may reconsider and reform its findings and sentence at discretion." Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint, page 454, footnote 33. Furthermore this Court has approved of instances in which the court has reconvened itself to correct errors in its proceedings. United States v Barnes, supra; United States v Liberator, 14 USCMA 499, 34 CMR 279 (1964); United States v Robinson, 4 USCMA 12, 15 CMR 12 (1954).

██ Precisely the same situation confronts us in the present case, and we reiterate our holding in United States v Barnes, supra, that a court-martial may be reconvened to conduct revision proceedings either, as in United States v Liberator, supra, at the suggestion of the prosecutor or, as here and in Barnes, on the initiative of the military judge.

II

An affirmative answer to the abstract question of whether a court-martial may reconvene on its own motion to conduct proceedings in revision does not solve the issues presented. Their resolution depends on the more important subject of the action the court may take regarding the case after it has reconvened.

Article 62(b) limits proceedings in revision to apparent omissions in the record or "improper or inconsistent

action . . . with respect to a finding or sentence which can be rectified without material prejudice to the accused." The Manual points out that the action to be taken is "entirely corrective" and states that the attention of the court may be drawn "to any ambiguous or apparently illegal action" in the prior proceedings. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 80c and d. Historically, "defects or errors cannot here be corrected which from their nature can be remedied or prevented only at the stage of the proceedings at which they occur . . . as errors in the charges or specifications, or misrulings of the court upon objections to testimony." Winthrop, supra, at page 455. And the court may not reconsider a finding of not guilty or increase the severity of the sentence that it has imposed, unless the sentence prescribed is mandatory. Article 62, supra; United States v Barnes, supra.

■ What is intended to be accomplished in revision proceedings is, as the Manual states, correction of the record to reflect unintended omissions, to clarify ambiguities, and to correct improper or illegal sentence announcements, the alteration of which does not materially prejudice the substantial rights of the accused. Thus, in Barnes, we permitted reconvening of the court to ascertain that the accused was fully advised on the record of his counsel rights, as required by our holding in United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969). As accused was free to declare, in response to the inquiries made of him, that he wished other representation, or to state, as he did, that he was satisfied with his trial representative, no harm could accrue from the proceedings.

Similarly, the Court allowed correction of erroneous announcements regarding the sentence in United States v Robinson and United States v Liberator, both supra, when the omissions occurred through clerical and verbal errors. See also United States v Carpenter, 15 USCMA 526, 36 CMR 24

(1965), in which the Court held that the court-martial might be reconvened to correct the effect of considering an inadmissible prior conviction on the sentence only when the nature of the conviction and the circumstances were such that the accused did not risk prejudice from the reconsideration.

■ Supplying an omitted instruction on the sentence is substantially different from the type of corrective action appropriate in revision proceedings. In this instance, the court members had already deliberated and decided on a punishment without proper guidance from the military judge. Permitting a *nunc pro tunc* "correction" would offer a strong possibility of prejudice to the accused. Having reached without the requisite guidance a sentence on the information presented, court members are unlikely to face reconsideration with their minds unaffected by their earlier decision. A fault in instructions is "not an error or omission in the record but . . . a substantive error in the trial . . . that . . . cannot be corrected by a proceedings in revision." United States v Stubblefield, 2 CMR 637, 638 (AFBR 1951); United States v Evans, 5 CMR 585 (AFBR 1952); United States v Worsham, 10 CMR 653 (AFBR 1953).

In these circumstances, we conclude that no authority existed for the attempt to cure the presentencing instructional error by proceedings in revision.

### III

Turning to the desire of the court to correct an apparent ambiguity in its sentence, we note that the original punishment was to "forfeit two-thirds of all pay and allowances." On interrogation, the court declared its intent was to forfeit two-thirds of the accused's pay per month for the period of confinement. Accordingly it redeliberated and modified its sentence to indicate a forfeiture of $95 per month for 6 months.

The action of the court shows a misunderstanding of the authorized

function of revision proceedings. Under this Court's precedents the original sentence had an ascertainable meaning. In United States v Johnson, 13 USCMA 127, 32 CMR 127 (1962), a " '$70.00 forfeiture of pay for six months' " was held to amount to a forfeiture of $70 for 1 month.[2] "[T]he sentence is legal," declared Chief Judge Quinn, for a unanimous Court, "and there are no circumstances justifying 'inquiry into the intent of the court-martial.' " Id., at page 128. In United States v Rios, 15 USCMA 116, 35 CMR 88 (1964), the Court reaffirmed its holdings in Johnson, stating that a sentence to confinement at hard labor for 6 months and " 'to forfeit $50.00 for a like period' " amounted to no more than a forfeiture of $50.

The original sentence in the present case extended to forfeiture of two-thirds of the accused's pay and allowances, without any indication of the duration of such forfeiture. The amount to be forfeited in 1 month is easily calculable, United States v Gilgallon, 1 USCMA 263, 2 CMR 170 (1952), and was, in fact, calculated by the military judge to be a forfeiture of $95 per month during the revision proceedings. Under Johnson and Rios, that amount for 1 month constituted the total permissible forfeiture. When the court in its attempt to revise the earlier sentence increased the penalty to forfeiture of that amount per month for the term of the confinement, it violated not only the principle laid down in these decisions but also the provision of Article 62 forbidding return of the proceedings to the court in order to increase the sentence.

Accordingly, as the sentence presently stands, its reduction to legal limits is required.

## IV

Regarding the effect of the instructional error, we note that the omission at the original hearing consisted of failing to direct the court to vote on proposed sentences, "beginning with the lightest." In United States v Johnson, 18 USCMA 436, 40 CMR 148 (1969), we held that failure so to advise the court was error. Its effect is governed by an inquiry whether the accused suffered prejudice. United States v Pierce, 19 USCMA 225, 41 CMR 225 (1970).

In Pierce, we found no prejudice, since, for his offense, "a lesser sentence [than that adjudged], even if preceded by complete instructions, can hardly be conceived." Id., at page 228. In contrast to Pierce's punishment of a bad-conduct discharge and one grade reduction for an absence without leave in excess of 1 year, Roman received for a similar offense a sentence to dishonorable discharge, forfeitures, and 6 months' confinement. Moreover, he is a first offender for whom extensive evidence in mitigation and extenuation was adduced. We are therefore unable to discount the risk of prejudice to him from lack of proper instruction. United States v Dues, 19 USCMA 130, 41 CMR 130 (1969); United States v McDowell, 19 USCMA 151, 41 CMR 151 (1969). Accordingly, we conclude that a rehearing on the sentence is required.

The decision of the Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Air Force. A rehearing on the sentence may be ordered.

Judge DUNCAN concurs.

QUINN, Judge (dissenting):

I agree that the sentence as orig-

---

[2] If this issue were before us for the first time, we would find attractive the Government's contention in United States v Johnson, 13 USCMA 127, 32 CMR 127 (1962), that the omission of the words "per month" is not enough to counter the court's evident intent to adjudge forfeitures of the amount stated on a monthly basis for the term indicated. But as the Johnson opinion noted, precedents of the old boards of review were to the contrary and the intrinsic importance of the point is not enough to outweigh the advantage of stability in the law.

**22 USCMA 82**

inally announced was legal, and I would return the record to the Court of Military Review for reinstatement thereof. I disagree with the disposition directed by the majority for the reasons set out in my dissent in United States v Johnson, 18 USCMA 436, 40 CMR 148 (1969).