

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Major D. David Hostler, JAGC, and Captain Kevin E. O'Brien, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Michael B. Kennett, JAGC, and Captain Michael J. Wall, JAGC, were on the pleadings for appellee.

Before FULTON, TALIAFERRO and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

FULTON, Senior Judge:

In October 1977, the appellant was tried by general court-martial on multiple charges of housebreaking and larceny. He pleaded guilty pursuant to an agreement negotiated with the convening authority and was found guilty in accordance with his plea. Court members sentenced him to a dishonorable discharge, confinement at hard labor for ten years, and forfeiture of all pay and allowances. The convening authority reduced the term of confinement to two years.

The trial judge's inquiry into the plea bargain to determine the providency of the

**UNITED STATES, Appellee,**

v.

**Private (E–1), Walter R. SMITH, SSN 452–21–1405, United States Army, Appellant.**

**CM 436554.**

U. S. Army Court of Military Review.

31 July 1978.

guilty plea as required by *United States v. Green*, 1 M.J. 453 (C.M.A.1976), complied fully and admirably with every requirement of the *Green* decision save one: he did not "secure from counsel for the accused as well as the prosecutor their assurance . . . that the judge's interpretation of the agreement comport[ed] with their understanding of the meaning and effect of the plea bargain." *Id.* at 456, quoting *United States v. Elmore*, 1 M.J. 262, 264 (C.M.A.1976) (Fletcher, C. J., concurring).[1]

Therefore, we set aside the action of the convening authority and remanded with instructions permitting either proceedings in revision or a rehearing. *United States v. Smith*, No. 436554 (A.C.M.R., 17 Mar. 1978).

On 21 April 1978, pursuant to an order from the convening authority, proceedings in revision were held.[2] All parties to the trial who had been present when the court adjourned on 19 October 1977 were again present in the court except the court members (who had been involved only in sentencing) and the assistant trial counsel. The defense counsel, Captain Lubin, had become Mr. Lubin of the West Palm Beach (Florida) Bar. He nevertheless appeared and was joined on the defense team by a newly detailed military counsel.

The trial judge first ascertained from the appellant that he had no questions concerning the pretrial agreement.[3] Then he asked original defense and trial counsel in turn whether his (the judge's) interpretation of the agreement as explained to the accused during the trial comported with their understanding of the agreement. The replies were affirmative. The judge then adverted to a provision in the agreement designed to release the convening authority from the agreed sentence limitation if the accused were guilty of any misconduct after entering into the agreement and before the convening authority acted upon the record of trial. He expressed the view that, the convening authority having acted previously, the provision no longer applied and was moot.[4] The trial counsel, defense counsel, and the accused agreed to this interpretation. The judge found that the guilty plea was provident and adjourned the proceedings. After review and service upon counsel for the appellant, the convening authority approved the findings and sentence as before.

Reviewing the case again under Article 66 of the Uniform Code of Military Justice, 10 U.S.C. § 866, we hold without merit the appellant's contention that proceedings in revision cannot be used to repair the inadequate inquiry into the providence of appellant's guilty plea. We think that in this case an "apparent error or omission in the record . . . [has been] rectified with-

---

1. In my view, if either counsel's interpretation had not comported with that expressed by the judge, the offended counsel had an affirmative duty to speak up. This is one situation in which silence ought clearly to signify consent. We, however, adopted the safer course of remand in light of the stern language in *United States v. King*, 3 M.J. 458 (C.M.A.1977), and uncertainty as to the fate of *United States v. Crowley*, 3 M.J. 988 (A.C.M.R.1977) (en banc), reversed by order, 4 M.J. 170 (C.M.A.1977), order withdrawn and reconsideration granted, 4 M.J. 272 (C.M.A.1978).

2. The convening authority ordered proceedings in revision "for the purpose of augmenting the providency inquiry to insure that the understanding of counsel for both sides and the accused comport with that of the military judge with regard to the terms of the pretrial agreement, the existence of any *sub rosa* agreements, and the limitations on sentence in the pretrial agreement."

3. At the outset of the proceedings in revision, appellant's counsel made a "motion for appropriate relief" designed, as we interpret it, to secure from the judge a ruling that, if the appellant changed his plea, the maximum sentence would be limited to that previously approved by the convening authority rather than the more severe punishment adjudged by the court. The judge noted that the proceedings were not being conducted for the purpose of resentencing and that counsel was not yet attempting to change the plea. Accordingly, he declined to answer the hypothetical question. Noting an objection, the defense elected not to attempt a change in the plea and to continue with the proceedings.

4. We need not decide whether his interpretation was correct, but we commend his alertness in recognizing this question.

out material prejudice to the substantial rights of the accused." Article 62(b), Uniform Code of Military Justice, 10 U.S.C. § 862(b). The error or omission did not require the taking of evidence on the merits, yet it was not curable by mere resort to a certificate of correction. *See United States v. Barnes*, 21 U.S.C.M.A. 169, 44 C.M.R. 223 (1972). Indeed, in view of the fact that the defect in the *Green* inquiry related only to the understanding of counsel, the appellant need not have been questioned at all to cure the deficiency, although we perceive no harm in the judge having done so. *See United States v. Berkley*, 47 C.M.R. 30 (N.C.M.R.1973).[5] The Air Force Court of Military Review has adopted the view that *Green* and *United States v. King*, 3 M.J. 458 (C.M.A.1977), do not preclude an inquiry of the type made by revision proceedings in this case and has declined to follow a contrary view of the Navy Court. *United States v. Seberg*,. 5 M.J. 589 (A.F.C.M.R.1978). We do likewise.

The findings and sentence are affirmed.

Judge TALIAFERRO and Judge WATKINS, concur.

---

**5.** We note that Berkley was advised that he could change his guilty plea, but that does not appear critical to the decision; appellant evidently was under the impression that his plea could be changed but chose not to do so. See note 3, *supra*. Also, this case is to be distinguished from one in which the accused's substantive testimony was inconsistent with his plea, but in which no inquiry was made until the judge convened a post-sentencing Article 39(a) session. See *United States v. Kaetzel*, 48 C.M.R. 58 (A.F.C.M.R.1973).