**UNITED STATES, Appellee,**

v.

**Private E–1 Michael A. ANDERSON, SSN 112–50–4619, United States Army, Appellant.**

**SPCM 14526.**

U. S. Army Court of Military Review.

2 April 1981.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Charles A. Byler, JAGC, and Captain Edward J. Walinsky, JAGC, were on the pleadings for appellant.

Counsel for appellee did not file pleadings.

Before JONES, GARN and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

JONES, Senior Judge:

On 8 August 1980 this Court set aside the prior action of the convening authority in this case because of inadequate advice at trial by the military judge to the appellant regarding his right to counsel. *See United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969). This Court authorized the convening authority to dismiss the charges, order a rehearing, or order proceedings in revision. He chose the latter alternative.

Proceedings in revision have been held, a new action has been taken, and the case has returned to this Court for further review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866. We are concerned with whether the revision proceedings were correct.

Article 62(b), UCMJ, 10 U.S.C. § 862(b), provides:

> Where there is an apparent error or omission in the record or where the record shows improper or inconsistent action by a court-martial with respect to a finding or sentence which can be rectified without material prejudice to the substantial rights of the accused, the convening authority may return the record to the court for appropriate action.

This Code provision has been expanded upon in the Manual for Courts-Martial, United States, 1969 (Revised edition). Paragraph 80 thereof adds certain procedural requirements. It interprets the words "the court" in the phrase "... the convening authority may return the record to the court ..." to mean, in the case of trial by judge alone, the same judge, and in the case of trial by a court-martial with members, the same court members. The paragraph permits changes in counsel.

Present for the revision proceeding in this case were the same military judge and the same detailed defense counsel. The convening authority directed the appointment of a new trial counsel because the former one had been reassigned.* The individual civilian counsel was absent with the concurrence of the appellant. No mention was made of the members but the court-martial had not been dissolved.

The earlier trial of this case was by a court with members. The error which was the subject of the revision proceeding occurred during a preliminary session with the military judge prior to assembly of the court. Thus this case does not fit precisely into the mold contemplated by paragraph

* The record contains no amending order replacing trial counsel. One should have been included and action to accomplish that has been directed.

80, for although the earlier trial was eventually with members, those members had no part to play in the counsel advice procedure. That procedure was more akin to a trial by military judge alone.

For this type of pre-assembly session before a military judge, we find it unnecessary to require the presence of the court members who had previously heard the case. Accordingly, we hold that this revision proceeding was valid and remedied the earlier deficiency in complying with *Donohew*. *United States v. Barnes*, 21 U.S.C. M.A. 171, 44 C.M.R. 223 (1972).

The findings of guilty and the sentence are affirmed.

Judge GARN and Judge LEWIS concur.