UNITED STATES, Appellee,

v.

**William M. JACINTHO, Airman Apprentice U.S. Navy, Appellant.**

No. 49,569.

NMCM 83 2815.

U.S. Court of Military Appeals.

Feb. 24, 1986.

For Appellant: *Lieutenant Commander Frederick N. Ottie,* JAGC, USN (on brief); *Lieutenant Commander William A. De-Cicco,* JAGC, USN and *Major Patrick H. McGann, Jr.,* USMC.

For Appellee: *Captain W.J. Hughes,* JAGC, USN and *Lieutenant Commander R. Clayton Seaman, Jr.,* JAGC, USN (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

I

In April 1981 a charge of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, with four specifications was referred for trial by special court-martial. However, before trial could commence on this charge, appellant commenced an unauthorized absence of more than 18 months, which lasted until January 22, 1983. An additional charge was preferred with respect to this absence and was referred for trial by the same court-martial to which the original charge had been referred.

On November 20, 1981, while appellant was away on his last absence, Public Law No. 97–81, 95 Stat. 1085, was enacted, which made substantial changes in the rights to counsel provided under Article 38(b), UCMJ, 10 U.S.C. § 838(b), 95 Stat. 1088. *See United States v. Johnson,* 21 M.J. 211 (C.M.A.1986); *United States v. Gnibus,* 21 M.J. 1 (C.M.A.1985). This law provided that the effective date of the amendment would be 60 days after enactment; and it also stated that the amendment concerning rights to counsel "shall apply to *trials* by courts-martial in which *all* charges are referred to trial on or after the effective date of such amendment."

(Emphasis added.) Accordingly, a case in which all charges were referred to a court-martial on or after January 19, 1982, would be subject to the amendment to Article 38(b), which limited the range of counsel rights. On the other hand, in a case like appellant's, where a charge had been referred to trial before that date, the right to counsel would be regulated by Article 38(b) as it had existed before the amendment.

Unfortunately, the military judge overlooked this distinction and advised appellant of his rights to counsel in a manner that conformed to the amended Article 38(b), rather than to the earlier provisions. Apparently none of the trial participants noticed the error.

Appellant pleaded guilty to three specifications of unauthorized absence under the original charge and to the 18-month unauthorized absence which was the subject of the additional charge; and he was convicted pursuant to his pleas. His sentence to a bad-conduct discharge, confinement for 5 months, forfeiture of $300 pay per month for 5 months, and reduction to pay grade E-1 was approved by the convening authority; but, pursuant to a pretrial agreement, he suspended confinement in excess of 105 days and forfeitures for a period in excess of 4 months. The supervisory authority approved the sentence as approved and partially suspended by the convening authority.

When it first considered the case, the Court of Military Review stated in its opinion:

> We cannot determine from the record whether the accused would have exercised his rights to request individual military counsel and retain his detailed counsel if he had been given the proper advice. Additional proceedings are necessary for clarification. *United States v. Griffin,* [16 M.J. 836 (N.M.C.M.R.1983)]. *Accord United States v. Owens,* No. 82 4042 (NMCMR 24 March 1983); *United States v. Johnson,* No. 82 3478 (NMCMR 16 December 1982).

> Accordingly, the record is returned to the Judge Advocate General of the Navy for transmittal to an appropriate convening authority who shall refer the case to a special court-martial for a limited hearing, or if he determines such a limited hearing is impracticable dismiss the charges. If a special court-martial is convened, the military judge shall conduct a limited hearing under the provisions of Article 39(a), Uniform Code of Military Justice, in order to satisfy the requirements of *United States v. Donohew,* 18 USCMA 149, 39 CMR 149 (1969). *See United States v. DuBay,* 17 USCMA 147, 37 CMR 411 (1967). Upon completion of the proceedings the record together with a transcript of the proceedings shall be returned to this Court. If during the hearing the accused indicates he would have chosen another counsel if he had been correctly informed at the beginning of trial, the military judge shall set aside the findings and sentence. In that event a rehearing is authorized. *Cf. United States v. Barnes,* 21 USCMA 169, 44 CMR 223 (1972).

Unpublished opinion at 2.

The convening authority to whom the record had been transmitted found that a limited hearing was impracticable, whereupon he dismissed the three remaining specifications of the original charge, left intact the findings of guilty on the additional charge, and, upon reassessment of the sentence based on that charge, reduced the approved confinement to 105 days and the period for forfeiture of pay to 3 months but otherwise approved the sentence. Upon its further review of the case, the Court of Military Review, in a per curiam opinion, affirmed "the findings approved on review below and so much of the sentence as provide[d] for confinement at hard labor (already served) and a bad-conduct discharge." Unpublished opinion at 3. Senior Judge Gladis, who had written the principal opinion of the court upon initial review, filed a dissenting opinion.

Thereafter, this Court granted review on this modified issue:

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY RE-

VIEW ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY FAILING TO DISMISS THE REMAINING CHARGE AND SPECIFICATION WHEN THE REHEARING AS TO APPELLANT'S UNDERSTANDING OF HIS RIGHT TO COUNSEL WAS DEEMED IMPRACTICABLE.

## II

■ According to the terms of Public Law 97–81, appellant was entitled to all of his original rights under Article 38(b) because he was being tried, *inter alia*, on a charge which had been referred for trial before January 19, 1982, and which had not been withdrawn and rereferred. Thus, he was entitled to have not only an appointed defense counsel, but, in addition, an individual military counsel to represent him with respect to all the charges. The military judge misadvised him; and this misadvice created the risk that, as a result, appellant had not elected to be represented by two lawyers at trial, even though he was entitled to this representation.

Under such circumstances—as the Court of Military Review recognized in its first opinion—the remedy that had been established by our precedent was reversal, unless the Government could demonstrate that the misadvice did not affect appellant's choice to be represented by only one attorney. *Cf. United States v. Johnson, supra.* The hearing authorized by that Court was intended to determine what appellant would have done if he had received proper advice. The Court of Military Review directed that if the convening authority determined that a limited hearing was impracticable, he should order a rehearing or dismiss the charges. The Government did not dispute the correctness of this ruling by certifying issues for determination in this Court; and so that ruling became the law of the case.

The convening authority made the determination that a limited rehearing would be impracticable; but, instead of dismissing all the charges, he only dismissed the original charges, which alleged offenses preced-

ing January 19, 1982, the effective date of Public Law 97–81, and approved the finding of guilty as to the additional charge, which concerned an offense subsequent to that date. Presumably, the convening authority believed his action was permitted by the original opinion of the Court of Military Review. In that regard, he was later upheld by the per curiam opinion, which stated: "We did not address the third alternative which was chosen by the reviewing authority to which the case was referred." Unpublished opinion at 2.

Generally, a court should be allowed to interpret its own mandates, *cf. United States v. Suzuki,* 20 M.J. 248 (C.M.A.1985). Therefore, even though—like Senior Judge Gladis, who authored the first opinion of the court below—we might read that opinion differently from his two colleagues, we believe that we should not interfere with the interpretation adopted by the majority below.

Furthermore, we perceive no error in the result reached by the convening authority. Jacintho would have had no entitlement to more than one counsel with respect to the additional charge if it had not been referred for trial with the original charge. Even though usually all pending charges are referred for trial together, *see* para. 30 *g,* Manual for Courts-Martial, United States, 1969 (Revised edition), this decision is left to the sound discretion of the convening authority. Certainly Jacintho could not have complained if the original charge had initially been dismissed and only the additional charge had been referred for trial. However, in that event appellant would have enjoyed the same right to counsel that he was granted at trial and would have received the same advice that was given by the military judge.

If there were some possibility that evidence as to the original charge might have affected the findings of guilty on the additional charge, appellant might have some cause for complaint. *Cf. United States v. Hogan,* 20 M.J. 71 (C.M.A.1985). However, here appellant pleaded guilty to all charges, and we can perceive no way in

which he was adversely affected as to the findings by the judge's error. Prejudice as to sentence was eliminated by the convening authority's reassessment and the review of that reassessed sentence by the Court of Military Review. Accordingly, we find no reason for further remedial action by this Court to correct the original error in the military judge's advice to appellant about his rights to counsel, *cf.* Article 59(a), UCMJ, 10 U.S.C. § 859(a).

### III

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Judge COX concurs.